NO. 07-07-0049-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 27, 2007
_____

EVELYN CLARK, R.N., ROSEANNE RODRIGUEZ, MHS,
and ELIZABETH ORTIZ, MAS

Appellants

v.

CYNTHIA SELL, on behalf of MITCHELL RAY SELL,

Appellee
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-536,095; HON. RUBEN GONZALES REYES, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Evelyn Clark, Roseanne Rodriguez, and Elizabeth Ortiz (the nurses) appeal from

an order denying their motion to dismiss. Their motion was founded upon §101.106(f) of

the Texas Civil Practice and Remedies Code. And, in it, they alleged that they were

governmental employees, the claims asserted against them by Cynthia Sell (on behalf of

Mitchell Sell) involved conduct purporting to occur within the scope of their employment,

and their employer (Sunrise Canyon Hospital) was a governmental entity susceptible to suit

under chapter 101 of the Civil Practice and Remedies Code.  Given those circumstances, the trial court was allegedly obligated to dismiss the suit if Sell failed to amend her pleadings to drop them while adding Sunrise Canyon as the defendant.  The trial court overruled the motion.  We affirm its decision.

## *Background*

According to the original petition, Mitchell Sell was a resident of Sunrise Canyon.  While there, he purportedly received medication that caused him to fall into a deep sleep.  As he slept, he lay on his arm for an extended period of time.  During this time, the nurses failed to move or monitor him, which omission resulted in injury to his arm.  Thereafter, Cynthia sued Clark, Rodriguez, and Ortiz, among others.  Upon joining issue, the three nurses filed the previously mentioned motion to dismiss.  The trial court denied it; so, they appealed.

## *Standard of Review*

Whether the trial court erred depends upon whether it abused its discretion.  *See Williams v. Nealon*, 199 S.W.3d 462, 464 (Tex. App.–Houston [1st Dist.] 2006, pet. filed) (applying the standard of abused discretion to motions to dismiss); *Bowers v. Matula*, 943 S.W.2d 536, 538 (Tex. App.–Houston [1st Dist.] 1997, no writ) (applying the standard of abused discretion).  It abuses its discretion when the decision fails to comport with guiding rules and principles or is arbitrary and unreasonable.  *Williams v. Nealon*, 199 S.W.3d at 464; *Miller v. Gann*, 822 S.W.2d 283, 286 (Tex. App.–Houston [1st Dist.] 1991, writ denied).  Finally, the scope of review is limited to those arguments raised in the motion to dismiss.  *Williams v. Nealon*, 199 S.W.3d at 464-65.

***Application of Standard***

Per §101.106(f)

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. §101.106(f) (Vernon 2005). Given the wording of that statute, dismissal is warranted only if the movant is an employee of a governmental unit, the conduct involved occurred within the general scope of that employee's employment, and the suit could have been brought against the governmental unit or entity. *Phillips v. DaFonte*, 187 S.W.3d 669, 675 (Tex. App.–Houston [14th Dist.] 2006, no pet.). Assuming *arguendo* that the first two conditions were met, we conclude that the third was not.

Units of the state government enjoy sovereign immunity from suit unless it is waived by statute. *Texas Dept. Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224-25 (Tex. 2004). Per the Tort Claims Act, that immunity is lost in three ways, *id.* at 225, that is, when the injury complained of arises 1) from the use of government vehicles, 2) from premises defects, or 3) from the use of or conditions relating to realty or tangible personalty. TEX. CIV. PRAC. REM. CODE ANN. §101.021-.022 (Vernon 2005); *Texas Dept. Parks & Wildlife v. Miranda*, 133 S.W.3d at 225. Additionally, it is not enough that a vehicle, premises defect, or piece of property simply be involved in some way; rather, one or the other must be a proximate cause of the underlying injury. *Dallas Co. MHMR v. Bossley*, 968 S.W.2d

339, 343 (Tex.1998) (stating that the property must proximately cause the injury for immunity to be waived).

Here, Cynthia sued to recover damages for injury to Mitchell's arm. That injury allegedly occurred because the three nurses in question did not "arouse," "fully assess," or "periodically turn" Mitchell. In other words, they supposedly neglected to perform certain medical services, and that neglect resulted in his injuries. Given the nature of her allegations, we see no nexus between the injuries in dispute and a premises defect, motor vehicle, or condition or use of property as required in *Bossley*.[1] Nor are we cited to any evidence of record filling the void. Thus, we cannot say that the appellate record supports the conclusion that suit "could have been brought" against Sunrise Canyon, and the requirements of §101.106(f) went unsatisfied at bar.

We do not ignore the nurses' contention that the statutory phrase "could have been brought" simply meant that the entity could have been sued, irrespective of the outcome or immunity. By requiring that the suit "could have been brought" against the entity, the legislature must have required more than a plaintiff being able to simply type the name of some entity or person into the original petition. If the latter was all that was necessary, then there would be no need for the condition since it could never go unsatisfied; in other words, because any and everyone is subject to being named as a party in any particular suit there would be no need to specify that as a condition of dismissal. So, we opt to give

---

[1]The three nurses do assert for the first time on appeal that tangible personalty was involved because Mitchell may have been given an overdose of drugs. Yet, we find no allegation by Cynthia that the medication he received was excessive or improperly administered. Nor do we find any allegation wherein she purported to complain about any improper effect of the medication. Her complaints simply encompass the failure to properly monitor, assess, or move Mitchell given the fact of his medication. Thus, the argument about drugs being a cause of his injury, for purposes of waiving immunity, lacks foundation.

4

substance to the legislature's words and construe them to require a potential for legitimate liability. That is, the complaint must, at the very minimum, allege a cause of action having a lawful potential for exposing the defendant to liability. And, that cannot happen when units of the state government are sued given their sovereign immunity, unless of course, an exception to that immunity applies.

Accordingly, we hold that the record before it provided the trial court basis for its ruling. Thus, it did not abuse its discretion in overruling the motion to dismiss, and we affirm that decision.

Brian Quinn
Chief Justice