NO. 07-10-00052-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JUNE
4, 2010

 



 

TOM UPCHURCH, JR., WAYNE B. BARFIELD AND WAYNE B. BARFIELD, P.C., APPELLANTS

 

v.

 

COLLIN J. FOWLER AND BARBARA SUE FOWLER, INDIVIDUALLY AND AS NEXT FRIENDS
OF WILLIAM JAMES FOWLER, DECEASED, JOE ROMO AND FLOYD TUTSON, APPELLEES 



 



 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 79,998-A; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellants,
Tom Upchurch, Jr., Wayne B. Barfield, and Wayne B. Barfield, P.C., have filed a
motion for voluntary dismissal of their notice of appeal.  See Tex.
R. App. P. 42.1(a)(1).  No decision of this Court having been
delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. 
Id.  All costs related to
this appeal are assessed against appellants. See Tex. R. App. P.
42.1(d).  If
dismissal will prevent appellees from seeking relief
to which they would otherwise be entitled, the Court directs appellees to file a timely motion for rehearing.  No motion for rehearing from appellants will
be entertained.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

            








 






ought upon the
basis of §101.106(f) of the Civil Practice and Remedies Code which provides for
such dismissal if the movant is an employee of a governmental unit, the conduct
involved occurred within the general scope of that employee’s employment, and
the suit could have been brought against the governmental unit or entity.  Tex.
Civ. Prac. & Rem. Code Ann. §101.106(f) (Vernon 2011).  The parties challenged only whether the third
condition had been met.  We originally
affirmed the trial court’s order of dismissal finding that the suit could not
have been brought against the nurses’ employer due to sovereign immunity.  Clark
v. Sell, 228 S.W.3d 873, 875 (Tex. App.– Amarillo 2007).

            Our decision
was reversed by the Texas Supreme Court and remanded to us[1]
in light of that Court’s decision in Franka
v. Velasquez, 332 S.W.3d 367 (Tex. 2011). 
In Franka, the Court held that
for purposes of §101.106(f), suit “could have been brought” against a
governmental unit entitled to sovereign immunity regardless of whether
sovereign immunity had been waived.  Id. at 385.  In light of that decision, we reverse the
order of the trial court and render judgment dismissing the claims against
Clark, Rodriguez, and Ortiz.  Tex. R. App. P. 43.3. 

            

                                                                                    Brian Quinn 

                                                                                    Chief
Justice











[1]Clark v. Sell, 332 S.W.3d 366, 367 (Tex.
2011).