COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-440-CV

 

 

KEANE MENEFEE                                                                             APPELLANT

 

                                                             V.

 

KATHRYN AND JEREMY MEDLEN                                                    APPELLEES

 

                                                       ------------

 

             FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

I.  Introduction








This
is an interlocutory appeal by Appellant Keane Menefee from the trial court=s
denial of his motion to dismiss Appellees Kathryn and Jeremy Medlens=
lawsuit against him.  See Tex.
Civ. Prac. & Rem. Code Ann. '
51.014(a)(5) (Vernon 2008).  The primary
issue we address is whether Menefee was entitled to dismissal based on section
101.106(f) of the Texas Tort Claims Act (TTCA), the AElection
of Remedies@
section providing that a governmental employee is entitled to dismissal of a
suit brought against him when the suit is based on conduct within the general
scope of the employee=s employment and if the suit
could have been brought under the TTCA against the governmental unit.  See id. ' 101.106(f)
(Vernon 2005).  Because, as set forth
below, Menefee failed to establish that the Medlens could have brought their
suit under the TTCA against his employerCthe
City of Fort WorthChe was not entitled to
dismissal under section 101.106(f). 
Accordingly, we will affirm the trial court=s
order denying Menefee=s motion to dismiss.

II.  Factual and Procedural Background

In
July 2009, the Medlens= dog Avery escaped from
their backyard, and the Animal Care and Control Division of the City of Fort
Worth picked up the dog.  That same day,
Jeremy went to the animal shelter and found Avery.  An employee told Jeremy that he could not
take Avery home without first paying $95 in fines and fees.  Jeremy had only $80 with him, and the
employee told Jeremy that he could return any time during the next five days to
pay the $95 and get Avery.  The following
day, Kathryn and her son went to the animal shelter with the money owed, but an
employee told her that Avery could not be released until the veterinarian could
implant a microchip in Avery and give the dog a rabies vaccination.  The employee said that the veterinarian was
not available at that time, and Kathryn and her son left without Avery.  Later that day, Jeremy called the animal
shelter and was told that the veterinarian would not be available until the
following Monday and to return then to pick up Avery. On Monday, Jeremy and his
two children went to the animal shelter to pick up Avery and learned that their
dog had been euthanized. 








The
Medlens brought suit against Menefee in his individual capacity, alleging that
he was negligent in killing Avery when he knew or should have known that Avery
had owners who had reclaimed the dog and alleging that Menefee was negligent in
violating the rules, policies, and procedures of the City of Fort Worth.   

Menefee
filed a motion to dismiss the Medlens=
claims against him, asserting that he was entitled to a dismissal pursuant to
section 101.106(f) of the TTCA.  The
trial court denied the motion, and Menefee perfected this interlocutory appeal.[1]

III.  Motion to Dismiss Pursuant to Section
101.106(f)

In
his sole issue, Menefee argues that section 101.106(f) of the TTCA entitled him
to dismissal of the Medlens=
suit.  The parties=
dispute centers on section 101.106(f)=s
language providing that a governmental employee is entitled to dismissal only
if the suit Acould
have been brought under this chapter against the governmental unit.@  Tex. Civ. Prac. & Rem. Code Ann. ' 101.106(f).

A. 
Standard of Review








Although
we generally review a motion to dismiss under an abuse of discretion standard,
the substance of the issue to be resolved dictates the standard of review.  See In re Doe, 19 S.W.3d 249, 253
(Tex. 2000) (determining that the proper standard of review is based on Awhether
the [issue] is a question of fact or of law@).  When the issue presented involves questions
of statutory interpretation, as it does here, the standard of review is de
novo.  Reedy v. Pompa, No.
13-08-00590-CV, 2010 WL 1010049, at *3 (Tex. App.CCorpus
Christi Mar. 18, 2010, pet. filed); Hintz v. Lally, 305 S.W.3d 761, 765
(Tex. App.CHouston
[14th Dist.] 2009, pet. filed) (citing City of San Antonio v. City of Boerne,
111 S.W.3d 22, 25 (Tex. 2003)).

B. 
Rules of Statutory Construction








Our
primary objective in statutory construction is to give effect to the
legislature=s
intent.  State v. Shumake, 199
S.W.3d 279, 284 (Tex. 2006).  We look
first to the language in the statutory text. 
Lexington Ins. Co. v. Strayhorn, 209 S.W.3d 83, 85 (Tex.
2006).  We rely on the plain meaning of
the text unless such a construction leads to absurd results.  City of Rockwall v. Hughes, 246 S.W.3d
621, 625B26
(Tex. 2008); see Tex. Gov=t
Code Ann. ' 311.011 (Vernon
2005).  In determining legislative
intent, we may consider, among other things, the objective the law seeks to
obtain and the consequences of a particular construction.  Tex. Gov=t
Code Ann. ' 311.023(1), (5)
(Vernon 2005); Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.
2001); Hintz, 305 S.W.3d at 766. 
Additionally, we presume that the entire statute is intended to be
effective and that a just and reasonable result is intended.  Tex. Gov=t
Code Ann. ' 311.021(2), (3)
(Vernon 2005). 

C. 
Waiver of Governmental Immunity

Generally,
sovereign immunity protects the state against lawsuits for money damages unless
the state has consented to suit.  See
Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 655 (Tex.
2008); Tex. Dep=t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 224 (Tex. 2004).  Governmental immunity operates like sovereign
immunity to afford similar protection to subdivisions of the state, including
counties, cities, and school districts, unless that immunity has been
waived.  Harris County v. Sykes,
136 S.W.3d 635, 638 (Tex. 2004); San Antonio Indep. Sch. Dist. v. McKinney,
936 S.W.2d 279, 283 (Tex. 1996).   

The
TTCA establishes a limited waiver of this immunity and authorizes suits to be
brought against governmental units in certain narrowly-defined
circumstances.  Tex. Dep=t of
Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001); see
Dallas County MHMR v. Bossley, 968 S.W.2d 339, 341 (Tex.), cert. denied,
525 U.S. 1017 (1998).  Under the TTCA,
governmental immunity is waived for property damage caused by the negligence of
a governmental employee acting in the course and scope of his employment
if the damage arises from the operation or use of a motor‑driven
vehicle or motor‑driven equipment. 
Tex. Civ. Prac. & Rem. Code Ann. ' 101.021(1)(A)
(Vernon 2005).

D. 
Election of Remedies Provision








After
the TTCA was enacted, litigants often sought to avoid the TTCA=s strictures
by suing governmental employees individually instead of their governmental
employers in an effort to circumvent a governmental unit=s
assertion of immunity.  See Tex.
Bay Cherry Hill, L.P. v. City of Fort Worth, 257 S.W.3d 379, 396B97
(Tex. App.CFort
Worth 2008, no pet.) (citing Garcia, 253 S.W.3d at 657).  The legislature countered this tactic by
creating an election‑of‑remedies provision.  Garcia, 253 S.W.3d at 656; see Tex.
Civ. Prac. & Rem. Code Ann. '
101.106.

Section
101.106 is designed to force a plaintiff to decide at the outset whether an
employee acted independently, and is thus solely liable, or whether he acted
within the general scope of his employment so that the governmental unit is
vicariously liable.  See Garcia,
253 S.W.3d at 657.  By requiring a
plaintiff to make an irrevocable election at the time suit is filed between
suing the governmental unit under the TTCA or proceeding against the employee
alone, section 101.106 narrows the issues for trial and reduces delay and
duplicative litigation costs.[2]  Tex. Bay Cherry Hill, 257
S.W.3d at 397 (citing Garcia, 253 S.W.3d at 656B57).









Under
the TTCA=s
election scheme, seeking recovery against an individual governmental employee
is prohibited and seeking recovery against only the governmental unit is
permitted in three instances:  (1) when
suit is filed against the governmental unit onlyCthe
employee may not be sued regarding the same subject matter per section
101.106(a); (2) when suit is filed against both the governmental unit and its
employeeCthe
employee must be dismissed upon the governmental unit=s
motion per section 101.106(e); or (3) when suit is filed against an employee
based on conduct within the scope of his employment and the suit could have
been brought under the TTCA against the governmental unitCthe
suit must be dismissed upon the employee=s
motion unless the plaintiff substitutes the governmental unit per section
101.106(f).  See Tex. Civ. Prac.
& Rem. Code Ann. ' 101.106(a), (e), (f).

Menefee=s
motion to dismiss is based solely on subsection (f) of section 101.106, which
provides,

If
a suit is filed against an employee of a governmental unit based on conduct
within the general scope of that employee=s employment and if it could have been
brought under this chapter against the governmental unit, the suit is
considered to be against the employee in the employee=s official capacity
only. On the employee=s motion, the suit
against the employee shall be dismissed unless the plaintiff files amended
pleadings dismissing the employee and naming the governmental unit as defendant
on or before the 30th day after the date the motion is filed.

 








Id. '
101.106(f).  In effect, subsection (f)
prevents a suit against an employee when a governmental unit may be vicariously
liable for the employee=s conduct by requiring
either the substitution of the governmental unit for the employee or the
dismissal of the plaintiff=s
suit when the suit (1) is based on an employee=s
conduct within the general scope of his employment and (2) could have been
brought under the TTCA against the governmental unit.  Leonard, 293 S.W.3d at 681 (citing Phillips,
187 S.W.3d at 673).

E.  The
Parties=
Contentions

Concerning
the first prong of subsection (f), the parties agree that the Medlens=
suit against Menefee is based on his conduct as the supervisor of the City=s
Animal Care and Control Division.  The
focus of the parties= arguments is on the second
prong of subsection (f)Cwhether the Medlens=
suit could have been brought under the TTCA against the governmental unit.

Concerning
the second prong of subsection (f), the Medlens asserted in the trial court and
argue on appeal that Menefee did not satisfy his burden to prove that they
could have brought their suit under the TTCA against the City. The Medlens
point out that their suit is for property damage (the euthanization of their
dog) that did not arise from the operation or use of a motor-driven vehicle or
motor-driven equipment as required to waive the City=s
governmental immunity for property damage under the TTCA.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 101.021(1)(A).  Consequently, the Medlens argue that the
trial court properly denied Menefee=s
motion to dismiss because he failed to establish the second prong of subsection
(f).








Menefee,
on the other hand, argues that section 101.106(f)=s
could-have-been-brought-under-this-chapter language includes Aall
possible tort theories of recovery, not merely ones for which the [TTCA]
expressly waives immunity.@ Garcia,
253 S.W.3d at 658B59.  Thus, according to Menefee, although the TTCA
does not waive the City=s governmental immunity for
the Medlens=
claims, their claims are still brought Aunder
[the TTCA] for purposes of dismissal under subsection (f).@ 

F.  Interpretation of and Burden of Proof for

ACould-Have-Been-Brought-Under-this-Chapter@ Language

of Section 101.106(f)

 

It
is undisputed that a party moving to dismiss pursuant to any of the election of
remedies provisions of section 101.106 bears the burden of proof on his motion
to dismiss.  See, e.g., Reedy,
2010 WL 1010049, at *5; Hintz, 305 S.W.3d at 767; Lanphier v. Avis,
244 S.W.3d 596, 605 (Tex. App.CTexarkana
2008, pet. dism=d); Hall v. Provost,
232 S.W.3d 926, 928 (Tex. App.CDallas
2007, no pet.); Kanlic v. Meyer, 230 S.W.3d 889, 893 (Tex. App.CEl
Paso 2007, pet. denied); Phillips, 187 S.W.3d at 675.  Thus, here, Menefee bore the burden of proof
to establish his right to dismissal under subsection (f), including the second
prong of subsection (f), that the Medlens could have brought their suit under
the TTCA against the City.  

It
is likewise undisputed that prior to the Texas Supreme Court=s
decision in Garcia, courts interpreted section 101.106(f)=s
election of remedies provision as applying only to suits presenting a claim
within the TTCA=s limited waiver of
immunity.  See, e.g., Lanphier,
244 S.W.3d at 600B01, 607; Hall, 232
S.W.3d at 928B29; Kanlic,
230 S.W.3d at 894B95; Clark v. Sell,
228 S.W.3d 873, 874B75 (Tex. App.CAmarillo
2007, pet. filed); Franka v. Velasquez, 216 S.W.3d 409, 412B13
(Tex. App.CSan
Antonio 2006, pet. granted); Tejada v. Rowe, 207 S.W.3d 920, 925 (Tex.
App.CBeaumont
2006, pet. filed); Phillips, 187 S.W.3d at 676B77.








In Garcia,
the supreme court interpreted subsection (e) of section 101.106, not subsection
(f).  See 253 S.W.3d at 658B59.  Subsection (e) provides for dismissal of a
governmental employee when Aa
suit is filed under this chapter against both a governmental unit and any of
its employees.@  Id. (quoting Tex. Civ. Prac. &
Rem. Code Ann. ' 101.106(e)).  The supreme court held that the phrase Afiled
under this chapter@ encompassed not only common
law tort causes of action for which the TTCA waived immunity but also common
law tort causes of action for which the TTCA did not waive immunity.  Id. 
The supreme court explained that because the TTCA is the only, albeit
limited, avenue for common law recovery against the government, all tort
theories alleged against a governmental unit, whether it is sued alone or
together with its employees, are assumed to be under the TTCA for purposes of
section 101.106.  Id. at 659.  The supreme court expressly noted in Garcia,
however, that it was not addressing subsection (f) and pointed out that
subsection (f) Acontains a slightly
different phrase@Centitling
an employee who is sued alone, without simultaneous suit against the
governmental unit, to dismissal when the suit Acould
have been brought under this chapter against the governmental
unit.@  Id. at 660 n.5 (emphasis added). 













The
courts of appeals are split on whether the supreme court=s Garcia
analysis of section 101.106(e)=s
filed-under-this-chapter language applies to section 101.106(f)=s
could-have-been-brought-under-this-chapter language.  See Tex. Civ. Prac. & Rem. Code
Ann. '
101.106(e) (authorizing dismissal of employee when Aa
suit is filed under this chapter against both a governmental unit
and any of its employees@) (emphasis added), '
101.106(f) (authorizing dismissal of employee when suit is brought only against
him Abased
on conduct within the general scope of [his] employment and if it could have
been brought under this chapter against the governmental unit@)
(emphasis added).  Compare Kelemen
v. Elliott, 260 S.W.3d 518, 522B24
(Tex. App.CHouston
[1st Dist.] 2008, no pet.) (citing Garcia for proposition that Aall
tort claims against government entity are >under=
Tort Claims Act@),[3]
and Castro v. McNabb, No. 08‑07‑00074‑CV, 2009
WL 3462982, at *7 (Tex. App.CEl
Paso Oct. 28, 2009, no pet.) (stating, A[W]e
believe [Garcia=s] holding applies equally
to [subsection (f)],@ but holding employee not
entitled to dismissal under subsection (f) because suit was brought for
declaratory judgment, Declaratory Judgments Act provides waiver of immunity
and, consequently, suit was not brought Aunder
[the TTCA]@ for
purposes of subsection (f)), with Reedy, 2010 WL 1010049, at *5
(disagreeing with Kelemen=s
application of Garcia to subsection (f) and holding that Aphrase
>could
have been brought= unambiguously invokes the
[TTCA]=s
limited waiver of immunity@), Lieberman
v. Romero, No. 05‑08‑01636‑CV, 2009 WL 3595128, at *2
(Tex. App.CDallas
Nov. 3, 2009, pet. filed) (mem. op.) (rejecting argument that Garcia eliminated
the requirement to show that the plaintiff=s
claims fell within a waiver of immunity), and Leonard, 293 S.W.3d at 681B85
(upholding trial court=s denial of motion to
dismiss under subsection (f), without reference to Garcia, because
plaintiff=s
claims could not have been brought against governmental unit).  We have not interpreted subsection (f) since Garcia.  

We
hold that the reasoning of GarciaCapplicable
to motions to dismiss under subsection (e)Cis
not applicable to motions to dismiss under subsection (f).  As the Corpus Christi court explained in Reedy,

[T]he phrase Acould
have been brought@ [in subsection (f)]
modifies the phrase Aunder this chapter.@  We conclude the phrase Acould
have been brought@ unambiguously invokes the
[TTCA]=s
limited waiver of immunity from suit and liability, and the Texas Supreme Court
[in Garcia] did not intend to undo the scores of opinions holding
otherwise.  Accordingly, we hold that
Reedy was required to show that the Pompas=
suit invoked a waiver of immunity from suit and liability under the [TTCA] in
order to prevail on her motion to dismiss under section 101.106(f) . . . .

2010 WL 1010049, at *5
(citations omitted).  In other words,
giving the language of subsection (f) its plain meaning, a suit that Acould
have been brought under this chapter against the governmental unit@
necessarily means a suit that falls within the TTCA=s
limited waiver of sovereign immunity.  See
Tex. Gov=t
Code Ann. '
311.011.  













This
construction of subsection 101.106(f) is not only supported by the plain
language of subsection (f), it also harmonizes the language of the entire
subsection and avoids an absurd consequence. 
See id. '' 311.021(2), (3),
.023(5).  When an employee establishes
the two prongs of subsection (f)Cthat
the employee was acting within the general scope of the employee=s
employment and that the plaintiff=s
suit could have been brought under the TTCA against the governmental unitCthen
the suit against the employee shall be dismissed Aunless
the plaintiff files amended pleadings dismissing the employee and naming the
governmental unit as defendant on or before the 30th day after the date the
motion is filed.@  Tex. Civ. Prac. & Rem. Code Ann. '
101.106(f).  Consequently, when the
employee establishes that the suit could have been brought under the TTCA
against the governmental entity, in order to avoid complete dismissal of the
suit, a plaintiff must file amended pleadings suing the governmental
entity.  See id.  Applying subsection (f) when a plaintiff=s
claims do not fall within the TTCA=s
limited waiver of sovereign immunityCthat
is, requiring a plaintiff to dismiss the employee and to sue a governmental
unit when the plaintiff=s claims do not fall within
the TTCA=s
limited waiver of immunityCwould
constitute a statutory mandate requiring a plaintiff to file an unmeritorious
suit.  See Tex. R. Civ. P. 13
(providing sanctions for filing groundless pleadings brought in bad faith or
for harassment purposes); see also Tex. Civ. Prac. & Rem. Code Ann. '' 9.001B.014
(Vernon 2002) (allowing sanctions for filing groundless pleadings in bad faith
or for harassment), '' 10.001B.006
(Vernon 2002) (allowing sanctions for filing pleadings and motions not
warranted by existing law and brought for improper purposes).  The consequences of this construction C
requiring a plaintiff to file a groundless suit against a governmental entity C
cannot have been intended by the legislature. 
See Tex. Gov=t
Code Ann. '
311.023(1), (5) (explaining that, in construing statute, court may consider
object sought to be obtained by statute and consequences of particular
construction).  Applying subsection (f)
when a plaintiff=s claims do not fall within
the TTCA=s
limited waiver of sovereign immunity would create an additional incongruity;
such a construction of subsection (f) would mean that the employee would
ostensibly obtain dismissal because the plaintiff=s
suit could have been brought under the TTCA while the subsequently sued
governmental unit would undoubtedly seek dismissal in a plea to the
jurisdiction based on the assertion that the plaintiff=s
suit cannot be brought under the TTCA. 
See Franka, 216 S.W.3d at 413 (rejecting defendant doctors=
position that it is sufficient to raise a fact issue on the
could-have-been-brought prong of subsection (f) because of the potential result
that plaintiff would be left without a remedy).








Additionally,
construing subsection (f) to mean that an employee is not entitled to dismissal
when he moves to dismiss under subsection (f) and fails to meet his burden to
establish both prongs of that subsection does not leave the employee without
other avenues of relief.  He may file a
plea to the jurisdiction asserting that the plaintiffs=
suit is actually a suit against him in his official capacity and that the plaintiffs
have failed to demonstrate a waiver of governmental immunity.  Tex. Dep=t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999), Terrell
v. Sisk, 111 S.W.3d 274, 281B82
(Tex. App.CTexarkana
2003, no pet.).  He may also seek summary
judgment on the basis of the affirmative defense of official immunity.[4]  See Ballantyne, 144 S.W.3d at 424.








But,
when an employee moves to dismiss under subsection (f) and meets his burden to
establish both prongs of that subsection, then Athe
suit is considered to be against the employee in the employee=s
official capacity only,@ and, upon the employee=s
motion, the suit shall be dismissed unless the plaintiff substitutes the
governmental unit as the defendant in accordance with subsection (f).  Tex. Civ. Prac. & Rem. Code Ann. ' 101.106(f).  A suit against an employee in his official
capacity seeks to impose liability on the governmental unit itself; therefore,
dismissal of a suit brought against an employee in his official capacityCif
the plaintiff does not substitute the governmental unit as the defendant in
accordance with subsection (f)Caccomplishes
the purpose of the election-of-remedies provision because the suit is, in
actuality, a suit against the governmental unit.  See, e.g., Bexar County v.
Giroux-Daniel, 956 S.W.2d 692, 695 (Tex. App.CSan
Antonio 1997, no pet.) (ASuits against a government
employee in his or her official capacity are just another way of pleading a
suit against the government entity of which the official is an agent.@).  In other words, if a suit against an
individual governmental employee that actually seeks to impose liability on the
governmental unit were allowed to continue upon the filing of a motion to
dismiss, the purpose of the election-of-remedies provision would be
thwarted.  See Garcia, 253 S.W.3d
at 657 (noting purpose of election-of-remedies provision is to force plaintiff
to decide whether employee acted independently, and is thus solely liable, or
whether he acted within general scope of his employment so that governmental
unit is vicariously liable).  Thus, the
object sought to be attained by subsection (f) is promoted by this construction
of subsection (f), a just and reasonable result is reached, the entire
subsection is effective, and the absurd consequences of construing the Acould-have-been-brought-under-this-chapter@
language to include claims that cannot be brought under the TTCA are
avoided.  See Tex. Gov=t
Code Ann. ''
311.021(2), (3), .023(1), (5).

For
all of these reasons, we construe subsection (f)=s
could-have-been-brought-under-this-chapter language to require an employee
seeking dismissal under subsection (f) to prove that the plaintiff=s
claims could have been brought under the TTCA against the governmental unitCthat
is, that the plaintiff=s claims fall within the
TTCA=s
limited waiver of sovereign immunity.








G. 
Application of Section 101.106(f) to the Present Facts

In
this case, the Medlens elected to sue Menefee rather than the City. The Medlens=
petition alleges that they are suing Menefee in his individual capacity for
negligence in killing their dog and for violating the City=s
rules, policies, and procedures; the petition specifically alleges that Menefee
Ais not
being sued in his official capacity.@  In order to be entitled to dismissal under
subsection (f), Menefee then had the burden to prove that the Medlens=
suit is based on conduct within his general scope of employment and that their
suit could have been brought under the TTCA against the City.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 101.106(f);
Reedy, 2010 WL 1010049, at *3;  Lieberman,
2009 WL 3595128, at *2.  Regarding the
second prong, Menefee had to prove that the Medlens=
claims against him for property damageCthe
euthanasia of their family petCarose
from the operation or use of a motor-driven vehicle or motor-driven
equipment.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 101.021(1)(A). Menefee
does not argue, and nothing in the pleadings suggest, that the motor-driven
vehicle or equipment exception to the City=s
governmental immunity applies to the Medlens=
claims. 

Because
Menefee did not satisfy his burden to show that the Medlens=
suit could have been brought under the TTCA against the City, we hold that the
trial court did not err by denying his motion to dismiss pursuant to section
101.106(f).  We overrule Menefee=s
sole issue.








IV.  Conclusion

Having
overruled Menefee=s sole issue, we affirm the
trial court=s
order denying Menefee=s motion to dismiss, and we
remand this case to the trial court for further proceedings consistent with
this opinion. 

 

SUE WALKER

JUSTICE

 

PANEL:
DAUPHINOT, GARDNER, and WALKER, JJ.

 

 

DELIVERED:
June 24, 2010











[1]We have jurisdiction
over this interlocutory appeal pursuant to section 51.014(a)(5) of the civil
practice and remedies code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(5).  That section provides for interlocutory
appeals from denials of summary judgment motions based on governmental
employees= immunity and has
been construed as providing for interlocutory appeals not only from denials of
summary judgments but also from denials of motions to dismiss pursuant to
section 101.106 of the TTCA.  See City
of Arlington v. Randall, 301 S.W.3d 896, 902 n.2 (Tex. App.CFort Worth 2009, pet.
filed); Leonard v. Glenn, 293 S.W.3d 669, 681 n.11 (Tex. App.CSan Antonio 2009,
pet. filed); Phillips v. Dafonte, 187 S.W.3d 669, 674B75 (Tex. App.CHouston [14th Dist.] 2006,
no pet.).





[2]AState agencies are
required to indemnify their employees for litigation expenses if the employee=s actions were within
the course and scope of his or her employment.@  Garcia, 253 S.W.3d at 657 n.3 (citing
Tex. Civ. Prac. & Rem. Code Ann. ' 104.001(Vernon Supp. 2009), ' 104.002 (Vernon
2005)). Similarly, local governments may indemnify their employees for
negligent acts committed in the course and scope of their employment.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 102.002 (Vernon
2005).





[3]The court of appeals
in Kelemen ultimately held that the governmental employee was not
entitled to dismissal under subsection (f) because he did not meet his burden
of proving the first prong because his assaultive conduct did not fall within
the general scope of his employment.  Id.





[4]A governmental
employee, when sued in his individual capacity, might assert official immunity
as a defense to personal monetary liability, which is well suited for
resolution in a motion for summary judgment. 
Tex. A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 843 (Tex.
2007). A suit against a governmental employee in his individual capacity seeks
to impose personal liability on the employee himself, rather than on his
employer, for actions taken under color of state law.  See Tex. Bay Cherry Hill, 257 S.W.3d
at 400; see also City of El Paso v. Heinrich, 284 S.W.3d 366, 373 n.7
(Tex. 2009) (AJudgments against
state officials in their individual capacities will not bind the state.@).  A government employee sued in his individual
capacity is entitled to official immunity from suit arising from (1) the
performance of his discretionary duties (2) in good faith (3) as long as he is
acting within the scope of his authority. 
See Ballantyne v. Champion Builders, Inc., 144 S.W.3d 417, 424
(Tex. 2004).