Affirmed and Opinion filed August 5, 2010.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-01001-CV



 

Kachikwu Illoh, M.D., Appellant

V.

Damita Carroll and Karen
Butler, Individually and as Representatives of the Estate of James Carroll, Appellees

 



On Appeal from the 215th
District Court

Harris County, Texas

Trial Court Cause No. 2009-19832



 

OPINION

Appellant,
Kachikwu Illoh, M.D., files this interlocutory appeal from the trial court’s
orders denying his motion to dismiss and separately filed plea to the
jurisdiction.  Dr. Illoh contends the trial court erred by denying his motion
to dismiss and his plea to the jurisdiction.  We affirm the trial court’s order
denying Dr. Illoh’s motion to dismiss but lack jurisdiction to consider the
trial court’s denial of his plea to the jurisdiction.

I.   Background

On
January 15, 2007, James Carroll was admitted to Memorial Hermann Hospital.  Dr.
Illoh, who was employed by governmental-entity University of Texas Health
Science Center at Houston (“UTHSCH”), was Mr. Carroll’s attending physician
until January 22.  Mr. Carroll was discharged from the hospital on February 16. 
Subsequently, he died on November 29, 2007, at a separate hospital.  On March
31, 2009, Damita Carroll and Karen Butler, individually and as representatives
of Mr. Carroll’s estate (“appellees”), filed suit against Dr. Illoh and another
doctor.  Appellees allege that Mr. Carroll died from septicemia caused by bed
sores which developed during his treatment at Memorial Hermann.  Specifically,
appellees claim Mr. Carroll’s death was caused by Dr. Illoh’s negligence in (1)
“failing to implement appropriate care,” (2) “treating a patient without
possessing the requisite skill,” (3) “failing to collaborate with Mr. Carroll’s
family,” (4) “failing to properly supervise his care,” and (5) “failing to
obtain a reasonable and necessary consult.”

Dr.
Illoh filed a motion entitled “. . . Plea to the Jurisdiction and Motion to
Dismiss, or in the Alternative, Motion for Summary Judgment” in which he argued
that the trial court lacked subject-matter jurisdiction because appellees
failed to file suit within two years of Dr. Illoh’s treatment of Mr. Carroll
(“statute-of-limitations motion”).  Additionally, Dr. Illoh filed a motion to
dismiss in which he argued that appellees were required to amend their petition
to substitute Dr. Illoh for UTHSCH pursuant to the election-of-remedies
provision in section 101.106(f).  Tex. Civ. Prac. & Rem. Code Ann. §
101.106(f) (Vernon 2005).  The trial court denied both motions, and Dr. Illoh
timely filed this interlocutory appeal.                

II.   Texas Civil Practice and Remedies Code Section 101.106(f)

We begin
with Dr. Illoh’s first and second issues in which he contends the trial court
erred by denying his motion to dismiss pursuant to section 101.106(f).  We have
jurisdiction over this interlocutory appeal pursuant to section 51.014(a)(5) of the Texas Civil Practice and Remedies
Code, which allows interlocutory appeals from denials of motions to dismiss
pursuant to section 101.106.  See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(5) (Vernon 2008); Phillips v. Dafonte, 187
S.W.3d 669, 674–75 (Tex. App.—Houston [14th Dist.] 2006, no pet.).   

A.   Standard of
Review

Generally,
we review a trial court’s order pertaining to a motion to dismiss under an
abuse-of-discretion standard.  Singleton v. Casteel, 267 S.W.3d 547, 550
(Tex. App.—Houston [14th Dist.] 2008, pet. denied).  However, the proper
standard of review is determined by the substance of the issue rather than the
type of motion considered by the trial court.  See In re Doe, 19 S.W.3d
249, 253 (Tex. 2000) (to determine proper standard of review, “we must
determine whether the [issue] is a question of fact or of law”).  Dr. Illoh’s motion to dismiss presented an issue of statutory
interpretation under section 101.106 of the Texas Tort Claims Act.  Matters of statutory
construction are reviewed de novo.  City of San Antonio v. City of Boerne,
111 S.W.3d 22, 25 (Tex. 2003).  

In construing
a statute, our primary goal is to determine and effectuate legislative intent. 
Grimes County Bail Bond Bd. v. Ellen, 267 S.W.3d 310, 316 (Tex.
App.—Houston [14th Dist.] 2008, pet. denied) (citing In re Canales,
52 S.W.3d 698, 702 (Tex. 2001) (orig. proceeding)).  If a statute is clear and
unambiguous, we need not resort to rules of
construction.  Id.  We may consider, among other things, the statute’s
objectives and the consequences of a particular construction.  Id.  We
try to give effect to all the words of a statute, treating none of its language
as surplusage when reasonably possible.  Phillips v. Bramlett, 288 S.W.3d
876, 880 (Tex. 2009).  We presume that every word of a statute has been included or excluded for a reason.  Old Am. County Mut. Fire Ins. Co. v. Sanchez,
149 S.W.3d 111, 115 (Tex. 2004).  

B.   Election of Remedies
under the Texas Tort Claims Act

The
Texas Tort Claims Act (“TTCA”) establishes a limited waiver of immunity for
certain suits against governmental entities.  The TTCA waives governmental
immunity to the extent liability arises from the “use of a motor-driven vehicle
or motor-driven equipment,” or from “a condition or use of tangible personal or
real property.”  Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005). 
To prevent litigants from circumventing the limits of the TTCA by suing
government employees instead of governmental entities, the legislature provided
several election-of-remedies provisions in section 101.106, including the
following:

(e) If
a suit is filed under this chapter against both a governmental unit and any of
its employees, the employees shall immediately be dismissed on the filing of a
motion by the governmental unit.

(f) If a suit is filed against an employee of a
governmental unit based on conduct within the general scope of that employee’s
employment and if it could have been brought under this chapter against the
governmental unit, the suit is considered to be against the employee in the
employee’s official capacity only.  On the employee’s motion, the suit
against the employee shall be dismissed unless the plaintiff files amended pleadings
dismissing the employee and naming the governmental unit as defendant on or
before the 30th day after the date the motion is filed.

Tex. Civ. Prac. &
Rem. Code Ann. § 101.106(e), (f) (emphasis added).  Therefore, to obtain
dismissal under section 101.106(f), a government employee must establish the
claims against him (1) are based on conduct performed within the general scope
of his employment and (2) could have been brought under the TTCA against his
government employer.  

C.   Analysis

In his
motion to dismiss, Dr. Illoh presented evidence supporting his contention that appellees’
negligence suit is based on conduct that occurred while he was acting within
the general scope of his employment with UTHSCH.  In response, appellees argued
that Dr. Illoh failed to establish the second prong of section 101.106(f)
because he did not prove their claims could have been brought against UTHSCH. 
According to appellees, Dr. Illoh can only establish this prong by proving
their negligence suit falls within the TTCA’s limited waiver of immunity for
claims arising from the condition or use of personal property.  Indeed, in 2006,
we held that government doctors were not entitled to dismissal under section 101.106(f)
because they failed to establish that plaintiff’s claims could be brought
against the government employer under the TTCA’s waiver of immunity.  See
Phillips, 187 S.W.3d at 675.  Undaunted, Dr. Illoh argued below and
now argues on appeal that the Texas Supreme Court’s 2008 decision in Mission
Consolidated Independent School District v. Garcia, 253 S.W.3d 653 (Tex. 2008),
effectively overruled the plaintiff’s burden to show a waiver of sovereign
immunity as recognized in cases such as Phillips.[1]
  

In Garcia,
the plaintiffs filed suit against a school district and its superintendent, asserting,
among other things, common-law negligence claims.  Id. at 654.  The
trial court denied the school district’s motion to dismiss pursuant to section
101.106.  Id. at 655.  In determining that section 101.106 did not
apply, the court of appeals opined that only 101.106(e) could apply when a
governmental entity and its employee were sued at the same time.  Mission
Consol. Indep. Sch. Dist. v. Garcia, 166 S.W.3d 902, 904–05 (Tex.
App.—Corpus Christi 2005), aff’d in part, rev’d in part, 253
S.W.3d 653 (Tex. 2008).  The court of appeals held that section 101.106(e) did
not apply, reasoning that plaintiffs’ common-law negligence claims were not brought
“under this chapter” because they did not fall within the TTCA’s waiver of
immunity.  Id. at 905.  The supreme court rejected this narrow
interpretation of the phrase “under this chapter,” concluding: “Because the
[TTCA] is the only, albeit limited, avenue for common-law recovery against the
government, all tort theories alleged against a governmental unit, whether it
is sued alone or together with its employees, are assumed to be ‘under [the
TTCA]’ for purposes of section 101.106.”  Garcia, 253 S.W.3d at
659.  The supreme court also noted, however, that it was not called upon to
interpret the phraseology of section 101.106(f): 

Section
101.106(f) contains a slightly different phrase.  It states that the suit
against the employee is to be dismissed when the suit “could have been brought
under this chapter against the governmental unit.”  The interpretation of
section 101.106(f) is not before us here and neither party argues that it
applies to this case.

Id. at 660 n.5.    

While
acknowledging the supreme court’s assertion that it was not asked to interpret the
language in section 101.106(f), Dr. Illoh argues Garcia’s interpretation
of the phrase “under this chapter” is equally applicable to section 101.106(f).
 He contends appellees’ negligence theories “could have been brought under” the
TTCA for purposes of section 101.106(f), regardless of whether the TTCA
actually provides a waiver of immunity for such theories, and he contends the
legislative intent behind section 101.106 supports this position.  He argues the
legislature, by amending section 101.106, intended to persuade litigants to
bring suit against governmental entities instead of suing government employees
for the results of their work.  He argues that the legislature’s goal in
section 101.106(f) includes expediting the litigation process by forcing litigants
to choose whether to sue a governmental entity or its employee when the employee
seeks dismissal.  Finally, he argues that the amendments were intended to prevent
scenarios where the trial court must determine whether a government employee
was sued in his individual or official capacity.

We have
no doubt the legislature contemplated protection of government employees when
it amended section 101.106.  See id. at 656–57.  Nevertheless, the
legislature chose to include the phrase “could have been brought” in section 101.106(f),
indicating that it did not intend for automatic dismissal of every claim filed
against a government employee based on conduct he performed within the scope of
his employment, but only for those claims that “could have been brought under
[the TTCA] against the governmental unit . . . .”  Tex. Civ. Prac. & Rem.
Code Ann. § 101.106(f).  We must give effect to the statutory language selected
by the legislature and presume the phrase “could have been brought” was
included in subsection (f) and excluded from other subsections for a reason.  See
Phillips, 288 S.W.3d at 880; Old Am. County, 149 S.W.3d at
115.  Clearly, suit can only be brought against a governmental entity when
there is a waiver of immunity from suit.  See Wichita Falls State Hosp. v.
Taylor, 106 S.W.3d 692, 696 (Tex. 2003) (“Immunity from suit prohibits
suits against the State unless the State expressly consents to the suit.”).  By
requiring a government employee to prove the plaintiff’s claims “could have
been brought” against his government employer, the legislature intended section
101.106(f) to apply only when the government employer has waived immunity.  Because
of the additional language in section 101.106(f), it is understandable that the
supreme court specifically noted in Garcia that it was not interpreting section
101.106(f).  

In the
short time since Garcia was issued, two courts of appeals have applied
the supreme court’s interpretation of section 101.106(e)’s “under this chapter”
language to section 101.106(f)’s “could have been brought under this chapter”
language.  See Kelemen v. Elliott, 260 S.W.3d 518, 523–24 (Tex.
App.—Houston [1st Dist.] 2008, no pet.); Castro v. McNabb, ---
S.W.3d ---, No. 08-07-00074-CV, 2009 WL 3462982, at *7 (Tex. App.—El Paso Oct.
28, 2009, no pet.).  However, the majority of courts of appeals have declined
to reach a similar conclusion.  See Menefee v. Medlen, --- S.W.3d
---, No. 02-09-440-CV, 2010 WL 2555643, at *4–7 (Tex. App.—Fort Worth June 24,
2010, no pet. h.); Reedy v. Pompa, 310 S.W.3d 112, 117–19 (Tex.
App.—Corpus Christi 2010, pet. filed); Lieberman v. Romero, No.
05-08-01636-CV, 2009 WL 3595128, at *2 (Tex. App.—Dallas Nov. 3, 2009, pet.
filed) (mem. op.); see also Leonard v. Glenn, 293 S.W.3d 669, 681–85
(Tex. App.—San Antonio 2009, pet. filed) (determining, without reference to Garcia,
that government employees need to show claims could have been brought against
government employer under TTCA’s limited waiver of immunity).[2] 
We believe those courts declining to apply Garcia to section 101.106(f)
offer persuasive reasoning.

The
Corpus Christi Court of Appeals held, 

[T]he
phrase “could have been brought” [in section 101.106(f)] modifies the phrase
“under this chapter.”  We conclude the phrase “could have been brought”
unambiguously invokes the Tort Claims Act’s limited waiver of immunity from
suit and liability, and the Texas Supreme Court [in Garcia] did not
intend to undo the scores of opinions holding otherwise.  

Reedy, 310 S.W.3d at 119 (citation
omitted).  

The Fort
Worth Court of Appeals reasoned: “[By] giving the language of subsection (f)
its plain meaning, a suit that ‘could have been brought under this chapter
against a governmental unit’ necessarily means a suit that falls within the
TTCA’s limited waiver of sovereign immunity.”  See Menefee, 2010 WL
2555643, at *6.  Construing section 101.106(f) to require a government employee
to prove the claims asserted against him are within the TTCA’s waiver of
immunity also “avoids an absurd consequence,” because “requiring a plaintiff to
dismiss the employee and to sue a governmental unit when the plaintiff’s claims
do not fall within the TTCA’s limited waiver of immunity . . . would constitute
a statutory mandate requiring a plaintiff to file an unmeritorious suit.”  Id.


Accordingly,
we agree with those courts declining to apply Garcia’s interpretation of
section 101.106(e) to section 101.106(f).  Furthermore, “[b]ecause the supreme
court has neither addressed subsection 101.106(f) nor overruled the prior cases
out of this Court addressing that section, we conclude we are bound by our own
Court’s precedent.”  Lieberman, 2009 WL 3595128, at *2.  A government
employee seeking dismissal under section 101.106(f) must prove the claims
asserted against him could have been filed against his government employer
because they fall within the TTCA’s limited waiver of immunity.  See Phillips, 187
S.W.3d at 675.  Because Dr. Illoh has failed to fulfill this requirement, we overrule
his first issue and affirm the trial court’s order denying his motion to
dismiss.

In his
second issue, Dr. Illoh contends the trial court erred by refusing to dismiss
this suit because appellees failed to amend their petition to include UTHSCH
within thirty days after he filed a motion to dismiss under section
101.106(f).  Because we conclude Dr. Illoh did not establish the applicability
of section 101.106(f), we overrule his second issue.

III.   Interlocutory Order Denying Plea to the Jurisdiction

In his
third issue, Dr. Illoh contends the trial court erred by denying his plea to
the jurisdiction.  In his plea, Dr. Illoh argued that the trial court lacked
jurisdiction over this case because appellees filed suit after the expiration
of the two-year limitations period prescribed by section 74.251 of the Texas
Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code
Ann. § 74.251 (Vernon 2005).  Appellees argue in their response brief that the
trial court’s interlocutory order denying Dr. Illoh’s plea to the jurisdiction
is not appealable. 

Dr.
Illoh contends we have jurisdiction over this issue pursuant to section
51.014(a)(8) of the Texas Civil Practice and Remedies Code, allowing for
interlocutory appeal of a trial court’s order granting or denying a governmental
unit’s plea to the jurisdiction.  See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (Vernon 2008).  However, section 51.014(a)(8) is
inapplicable because Dr. Illoh is not a governmental unit.  See Young v.
Villegas, 231 S.W.3d 1, 6–7 (Tex. App.—Houston [14th Dist.] 2007,
pet. denied).  Even if section 51.014(a)(8) is applicable to government
employees, an interlocutory appeal would not be permitted.  Dr. Illoh’s
contention that appellees failed to file suit within the limitations period prescribed
in section 74.251 does not raise issue regarding the trial court’s
subject-matter jurisdiction; instead, it is an affirmative defense.  See
Montgomery County v. Fuqua, 22 S.W.3d 662, 668 (Tex. App.—Beaumont
2000, pet. denied) (“Section 51.014(a) . . . does not authorize us to hear an
appeal based on a statute of limitations defense”).  “[A]n interlocutory appeal
cannot be taken from the denial of a plea to the jurisdiction that does not
raise an issue that can be jurisdictional.”  Tex. Dep’t of Criminal Justice
v. Simons, 140 S.W.3d 338, 349 (Tex. 2004).

Additionally,
Dr. Illoh may not appeal an interlocutory order pursuant to section
51.014(a)(5), which, as explained above, permits a government employee to file
an interlocutory appeal from an order denying a motion for summary judgment
based on immunity, because Dr. Illoh’s plea to the jurisdiction is predicated
on the statute of limitations under section 74.251, not immunity.  See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5).

Dr.
Illoh also contends we have jurisdiction because appellees failed to send him
timely notice of their claims, an issue he argues is a challenge to the trial
court’s subject-matter jurisdiction.  Dr. Illoh argued and presented evidence
in his plea to the jurisdiction that the limitations period under section
74.251 was not tolled because appellees did not comply with the notice
requirements prescribed by section 74.051.  See Tex. Civ. Prac. &
Rem. Code Ann. § 74.051 (Vernon 2005).  “Statutory prerequisites to a suit,
including the provision of notice, are jurisdictional requirements in all suits
against a governmental entity.”  Tex. Gov’t Code Ann. § 311.034 (Vernon
Supp. 2009) (emphasis added).  As expressed above, Dr. Illoh is not a
governmental entity.  Moreover, Dr. Illoh has not cited persuasive authority
supporting his contention that notice pursuant to section 74.051 is a
jurisdictional requirement under these facts.

Accordingly,
we lack jurisdiction to review the trial court’s order denying Dr. Illoh’s plea
to the jurisdiction.

IV.   Conclusion

We affirm
the trial court’s order denying Dr. Illoh’s motion to dismiss but lack
jurisdiction to consider the trial court’s order denying Dr. Illoh’s plea to
the jurisdiction. 

 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel consists of Justices Yates,
Seymore, and Brown.

 









[1] Before Garcia, several courts of appeals
interpreted section 101.106(f) to require a showing that the plaintiff’s claims
were within the TTCA’s limited waiver of immunity (including those courts that
have since applied Garcia to section 101.106(f), see infra).  See,
e.g., Hall v. Provost, 232 S.W.3d 926, 928 (Tex. App.—Dallas 2007,
no pet.); Kanlic v. Meyer, 230 S.W.3d 889, 893–94 (Tex. App.—El Paso
2007, pet. denied); Clark v. Sell ex rel. Sell, 228 S.W.3d 873,
875 (Tex. App.—Amarillo 2007, pet. filed); Williams v. Nealon, 199
S.W.3d 462, 464–67 (Tex. App.—Houston [1st Dist.] 2006, pet. filed); Franka
v. Velasquez, 216 S.W.3d 409, 412 (Tex. App.—San Antonio 2006, pet.
granted).





[2]
The supreme court has granted review of the issue of whether the “could have
been brought under this chapter” language in section 101.106(f) requires a
government employee to prove the claims meet the TTCA’s waiver of immunity.  See
Franka, 216 S.W.3d at 413 (petition for review granted on
April 18, 2008).