Evelyn CLARK, R.N., Roseanne Rodriguez, MHS, and Elizabeth Ortiz, MAS, Petitioners,

v.

Cynthia SELL, on behalf of Mitchell Ray SELL, Respondent.

No. 07–0647.

Supreme Court of Texas.

Jan. 21, 2011.

Rehearing Denied April 1, 2011.

William S. Helfand, Kevin D. Jewell, Charles T. Jeremiah, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, TX, for Evelyn Clark, R.N.

Jay L. Winckler, Winckler & Harvey, L.L.P., Austin, TX, for Cynthia Sell.

Deanna Dean Lovett, Ryan & Dawson, Chastiti Nycole Horne, Ebanks Taylor Horne L.L.P., Houston, TX, for person interested in case Rocio Gomez, LVN.

PER CURIAM.

Mitchell Ray Sell, while hospitalized for psychosis and hallucinations, was allegedly heavily medicated and left lying in the same position for many hours; as a result, he developed "compartment syndrome" in one arm, required surgery, and remains permanently injured. On Mitchell's behalf, respondent Cynthia Sell sued, among others, petitioners Evelyn Clark, Roseanne Rodriguez, and Elizabeth Ortiz for negligently failing to ensure Mitchell was periodically turned or roused; an attached report further suggests that defendants should have reported Mitchell's over-medication to a physician. Petitioners, after answering, moved to dismiss the claims

against them under section 101.106(f) of the Texas Tort Claims Act, TEX. CIV. PRAC. & REM.CODE § 101.106(f), asserting that they were employees of a governmental entity, Sunrise Canyon Hospital. Petitioners argued that the suit was based on conduct within the general scope of their employment, and that the claim could have been brought under the Tort Claims Act against the governmental unit. Sell responded.

After the trial court indicated that it would deny the motion to dismiss, and shortly before it signed its order, Clark and the other petitioners filed a notice of interlocutory appeal. The court of appeals, without addressing its jurisdiction over the interlocutory appeal, affirmed. 228 S.W.3d 873 (Tex.App.-Amarillo 2007).

While this case has been pending on appeal, we have decided *Franka v. Velasquez*, 332 S.W.3d 367 (Tex.2011), holding among other things that, for purposes of section 101.106(f), a tort action is brought "under" the Texas Tort Claims Act, even if the government has not waived its immunity for such actions. 332 S.W.3d at 370–71. In light of *Franka*, we grant Clark, Rodriguez and Ortiz's petition for review, and without hearing oral argument, reverse the court of appeals' judgment and remand the case to the court of appeals for further proceedings. TEX.R.APP. P. 59.1.