NO. 07-07-0049-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 9, 2011

_____

EVELYN CLARK, R.N., ROSEANNE RODRIGUEZ, MHS,
and ELIZABETH ORTIZ, MAS,

                                                Appellants

v.

CYNTHIA SELL, ON BEHALF OF MITCHELL RAY SELL,

                                                Appellee
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-536,095; HONORABLE RUBEN GONZALES REYES, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

     Evelyn Clark, Roseanne Rodriguez, and Elizabeth Ortiz (the nurses) appealed the trial court's order denying their motion to dismiss them as defendants in a lawsuit filed by Cynthia Sell, on behalf of Mitchell Ray Sell, for injuries that Mitchell received while under the care of the nurses' employer, Sunrise Canyon Hospital. Dismissal was sought upon the basis of §101.106(f) of the Civil Practice and Remedies Code which provides for such dismissal if the movant is an employee of a governmental unit, the

conduct involved occurred within the general scope of that employee's employment, and the suit could have been brought against the governmental unit or entity. TEX. CIV. PRAC. & REM. CODE ANN. §101.106(f) (Vernon 2011). The parties challenged only whether the third condition had been met. We originally affirmed the trial court's order of dismissal finding that the suit could not have been brought against the nurses' employer due to sovereign immunity. *Clark v. Sell,* 228 S.W.3d 873, 875 (Tex. App.– Amarillo 2007).

Our decision was reversed by the Texas Supreme Court and remanded to us[1] in light of that Court's decision in *Franka v. Velasquez,* 332 S.W.3d 367 (Tex. 2011). In *Franka*, the Court held that for purposes of §101.106(f), suit "could have been brought" against a governmental unit entitled to sovereign immunity regardless of whether sovereign immunity had been waived. *Id.* at 385. In light of that decision, we reverse the order of the trial court and render judgment dismissing the claims against Clark, Rodriguez, and Ortiz. TEX. R. APP. P. 43.3.

Brian Quinn
Chief Justice

---

[1]*Clark v. Sell,* 332 S.W.3d 366, 367 (Tex. 2011).