

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-440-CV**

KEANE MENEFEE                                                    APPELLANT

V.

KATHRYN AND JEREMY MEDLEN                                        APPELLEES

------------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## OPINION

------------

### I. INTRODUCTION

This is an interlocutory appeal by Appellant Keane Menefee from the trial court's denial of his motion to dismiss Appellees Kathryn and Jeremy Medlens' lawsuit against him. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Vernon 2008). The primary issue we address is whether Menefee was entitled to dismissal based on section 101.106(f) of the Texas Tort Claims Act (TTCA), the "Election of Remedies" section providing that a governmental employee is entitled to dismissal of a suit brought against him when the suit is based on conduct within the general

scope of the employee's employment and if the suit could have been brought under the TTCA against the governmental unit. *See id.* § 101.106(f) (Vernon 2005). Because, as set forth below, Menefee failed to establish that the Medlens could have brought their suit under the TTCA against his employer—the City of Fort Worth—he was not entitled to dismissal under section 101.106(f). Accordingly, we will affirm the trial court's order denying Menefee's motion to dismiss.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2009, the Medlens' dog Avery escaped from their backyard, and the Animal Care and Control Division of the City of Fort Worth picked up the dog. That same day, Jeremy went to the animal shelter and found Avery. An employee told Jeremy that he could not take Avery home without first paying $95 in fines and fees. Jeremy had only $80 with him, and the employee told Jeremy that he could return any time during the next five days to pay the $95 and get Avery. The following day, Kathryn and her son went to the animal shelter with the money owed, but an employee told her that Avery could not be released until the veterinarian could implant a microchip in Avery and give the dog a rabies vaccination. The employee said that the veterinarian was not available at that time, and Kathryn and her son left without Avery. Later that day, Jeremy called the animal shelter and was told that the veterinarian would not be available until the following Monday and to return then to pick up Avery. On Monday, Jeremy and his two children went to the animal shelter to pick up Avery and learned that their dog had been euthanized.

2

The Medlens brought suit against Menefee in his individual capacity, alleging that he was negligent in killing Avery when he knew or should have known that Avery had owners who had reclaimed the dog and alleging that Menefee was negligent in violating the rules, policies, and procedures of the City of Fort Worth.

Menefee filed a motion to dismiss the Medlens' claims against him, asserting that he was entitled to a dismissal pursuant to section 101.106(f) of the TTCA. The trial court denied the motion, and Menefee perfected this interlocutory appeal.[1]

### III. MOTION TO DISMISS PURSUANT TO SECTION 101.106(F)

In his sole issue, Menefee argues that section 101.106(f) of the TTCA entitled him to dismissal of the Medlens' suit. The parties' dispute centers on section 101.106(f)'s language providing that a governmental employee is entitled to dismissal only if the suit "could have been brought under this chapter against the governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f).

### A. Standard of Review

---

[1] We have jurisdiction over this interlocutory appeal pursuant to section 51.014(a)(5) of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5). That section provides for interlocutory appeals from denials of summary judgment motions based on governmental employees' immunity and has been construed as providing for interlocutory appeals not only from denials of summary judgments but also from denials of motions to dismiss pursuant to section 101.106 of the TTCA. *See City of Arlington v. Randall*, 301 S.W.3d 896, 902 n.2 (Tex. App.—Fort Worth 2009, pet. filed); *Leonard v. Glenn*, 293 S.W.3d 669, 681 n.11 (Tex. App.—San Antonio 2009, pet. filed); *Phillips v. Dafonte*, 187 S.W.3d 669, 674–75 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Although we generally review a motion to dismiss under an abuse of discretion standard, the substance of the issue to be resolved dictates the standard of review. *See In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000) (determining that the proper standard of review is based on "whether the [issue] is a question of fact or of law"). When the issue presented involves questions of statutory interpretation, as it does here, the standard of review is de novo. *Reedy v. Pompa*, No. 13-08-00590-CV, 2010 WL 1010049, at *3 (Tex. App.—Corpus Christi Mar. 18, 2010, pet. filed); *Hintz v. Lally*, 305 S.W.3d 761, 765 (Tex. App.—Houston [14th Dist.] 2009, pet. filed) (citing *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003)).

## B.  Rules of Statutory Construction

Our primary objective in statutory construction is to give effect to the legislature's intent. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).  We look first to the language in the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006).  We rely on the plain meaning of the text unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008); *see* Tex. Gov't Code Ann. § 311.011 (Vernon 2005).  In determining legislative intent, we may consider, among other things, the objective the law seeks to obtain and the consequences of a particular construction.  Tex. Gov't Code Ann. § 311.023(1), (5) (Vernon 2005); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *Hintz*, 305 S.W.3d at 766.  Additionally, we presume

4

that the entire statute is intended to be effective and that a just and reasonable result is intended. Tex. Gov't Code Ann. § 311.021(2), (3) (Vernon 2005).

## C. Waiver of Governmental Immunity

Generally, sovereign immunity protects the state against lawsuits for money damages unless the state has consented to suit. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the state, including counties, cities, and school districts, unless that immunity has been waived. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 283 (Tex. 1996).

The TTCA establishes a limited waiver of this immunity and authorizes suits to be brought against governmental units in certain narrowly-defined circumstances. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *see Dallas County MHMR v. Bossley*, 968 S.W.2d 339, 341 (Tex.), *cert. denied*, 525 U.S. 1017 (1998). Under the TTCA, governmental immunity is waived for property damage caused by the negligence of a governmental employee acting in the course and scope of his employment if the damage arises from the operation or use of a motor-driven vehicle or motor-driven equipment. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A) (Vernon 2005).

## D. Election of Remedies Provision

5

After the TTCA was enacted, litigants often sought to avoid the TTCA's strictures by suing governmental employees individually instead of their governmental employers in an effort to circumvent a governmental unit's assertion of immunity. *See Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 396–97 (Tex. App.—Fort Worth 2008, no pet.) (citing *Garcia*, 253 S.W.3d at 657). The legislature countered this tactic by creating an election-of-remedies provision. *Garcia*, 253 S.W.3d at 656; *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.106.

Section 101.106 is designed to force a plaintiff to decide at the outset whether an employee acted independently, and is thus solely liable, or whether he acted within the general scope of his employment so that the governmental unit is vicariously liable. *See Garcia*, 253 S.W.3d at 657. By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the TTCA or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs.[2] *Tex. Bay Cherry Hill*, 257 S.W.3d at 397 (citing *Garcia*, 253 S.W.3d at 656–57).

Under the TTCA's election scheme, seeking recovery against an individual governmental employee is prohibited and seeking recovery against only the

---

[2] "State agencies are required to indemnify their employees for litigation expenses if the employee's actions were within the course and scope of his or her employment." *Garcia*, 253 S.W.3d at 657 n.3 (citing Tex. Civ. Prac. & Rem. Code Ann. § 104.001(Vernon Supp. 2009), § 104.002 (Vernon 2005)). Similarly, local governments may indemnify their employees for negligent acts committed in the course and scope of their employment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 102.002 (Vernon 2005).

governmental unit is permitted in three instances: (1) when suit is filed against the governmental unit only—the employee may not be sued regarding the same subject matter per section 101.106(a); (2) when suit is filed against both the governmental unit and its employee—the employee must be dismissed upon the governmental unit's motion per section 101.106(e); or (3) when suit is filed against an employee based on conduct within the scope of his employment and the suit could have been brought under the TTCA against the governmental unit—the suit must be dismissed upon the employee's motion unless the plaintiff substitutes the governmental unit per section 101.106(f). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a), (e), (f).

Menefee's motion to dismiss is based solely on subsection (f) of section 101.106, which provides,

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.* § 101.106(f). In effect, subsection (f) prevents a suit against an employee when a governmental unit may be vicariously liable for the employee's conduct by requiring either the substitution of the governmental unit for the employee or the dismissal of the plaintiff's suit when the suit (1) is based on an employee's conduct within the general scope of his employment and (2) could have been brought under

7

the TTCA against the governmental unit.  *Leonard*, 293 S.W.3d at 681 (citing *Phillips*, 187 S.W.3d at 673).

### E.  The Parties' Contentions

Concerning the first prong of subsection (f), the parties agree that the Medlens' suit against Menefee is based on his conduct as the supervisor of the City's Animal Care and Control Division.  The focus of the parties' arguments is on the second prong of subsection (f)—whether the Medlens' suit could have been brought under the TTCA against the governmental unit.

Concerning the second prong of subsection (f), the Medlens asserted in the trial court and argue on appeal that Menefee did not satisfy his burden to prove that they could have brought their suit under the TTCA against the City. The Medlens point out that their suit is for property damage (the euthanization of their dog) that did not arise from the operation or use of a motor-driven vehicle or motor-driven equipment as required to waive the City's governmental immunity for property damage under the TTCA.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A). Consequently, the Medlens argue that the trial court properly denied Menefee's motion to dismiss because he failed to establish the second prong of subsection (f).

Menefee, on the other hand, argues that section 101.106(f)'s could-have-been-brought-under-this-chapter language includes "all possible tort theories of recovery, not merely ones for which the [TTCA] expressly waives immunity." *Garcia*, 253 S.W.3d at 658–59.  Thus, according to Menefee, although the TTCA does not

8

waive the City's governmental immunity for the Medlens' claims, their claims are still brought "under [the TTCA] for purposes of dismissal under subsection (f)."

### F. Interpretation of and Burden of Proof for "Could-Have-Been-Brought-Under-this-Chapter" Language of Section 101.106(f)

It is undisputed that a party moving to dismiss pursuant to any of the election of remedies provisions of section 101.106 bears the burden of proof on his motion to dismiss. *See, e.g., Reedy*, 2010 WL 1010049, at *5; *Hintz*, 305 S.W.3d at 767; *Lanphier v. Avis*, 244 S.W.3d 596, 605 (Tex. App.—Texarkana 2008, pet. dism'd); *Hall v. Provost*, 232 S.W.3d 926, 928 (Tex. App.—Dallas 2007, no pet.); *Kanlic v. Meyer*, 230 S.W.3d 889, 893 (Tex. App.—El Paso 2007, pet. denied); *Phillips*, 187 S.W.3d at 675. Thus, here, Menefee bore the burden of proof to establish his right to dismissal under subsection (f), including the second prong of subsection (f), that the Medlens could have brought their suit under the TTCA against the City.

It is likewise undisputed that prior to the Texas Supreme Court's decision in *Garcia*, courts interpreted section 101.106(f)'s election of remedies provision as applying only to suits presenting a claim within the TTCA's limited waiver of immunity. *See, e.g., Lanphier*, 244 S.W.3d at 600–01, 607; *Hall*, 232 S.W.3d at 928–29; *Kanlic*, 230 S.W.3d at 894–95; *Clark v. Sell*, 228 S.W.3d 873, 874–75 (Tex. App.—Amarillo 2007, pet. filed); *Franka v. Velasquez*, 216 S.W.3d 409, 412–13 (Tex. App.—San Antonio 2006, pet. granted); *Tejada v. Rowe*, 207 S.W.3d 920, 925 (Tex. App.—Beaumont 2006, pet. filed); *Phillips*, 187 S.W.3d at 676–77.

9

In *Garcia*, the supreme court interpreted subsection (e) of section 101.106, not subsection (f). *See* 253 S.W.3d at 658–59. Subsection (e) provides for dismissal of a governmental employee when "a suit is filed under this chapter against both a governmental unit and any of its employees." *Id.* (quoting Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e)). The supreme court held that the phrase "filed under this chapter" encompassed not only common law tort causes of action for which the TTCA waived immunity but also common law tort causes of action for which the TTCA did not waive immunity. *Id.* The supreme court explained that because the TTCA is the only, albeit limited, avenue for common law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under the TTCA for purposes of section 101.106. *Id*. at 659. The supreme court expressly noted in *Garcia*, however, that it was not addressing subsection (f) and pointed out that subsection (f) "contains a slightly different phrase"—entitling an employee who is sued alone, without simultaneous suit against the governmental unit, to dismissal when the suit "*could have been brought* under this chapter against the governmental unit." *Id.* at 660 n.5 (emphasis added).

The courts of appeals are split on whether the supreme court's *Garcia* analysis of section 101.106(e)'s filed-under-this-chapter language applies to section 101.106(f)'s could-have-been-brought-under-this-chapter language. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (authorizing dismissal of employee when "a

10

suit is *filed under this chapter* against both a governmental unit and any of its employees") (emphasis added), § 101.106(f) (authorizing dismissal of employee when suit is brought only against him "based on conduct within the general scope of [his] employment and if it *could have been brought under this chapter* against the governmental unit") (emphasis added). *Compare Kelemen v. Elliott*, 260 S.W.3d 518, 522–24 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Garcia* for proposition that "all tort claims against government entity are 'under' Tort Claims Act"),[3] *and Castro v. McNabb*, No. 08-07-00074-CV, 2009 WL 3462982, at *7 (Tex. App.—El Paso Oct. 28, 2009, no pet.) (stating, "[W]e believe [*Garcia*'s] holding applies equally to [subsection (f)]," but holding employee not entitled to dismissal under subsection (f) because suit was brought for declaratory judgment, Declaratory Judgments Act provides waiver of immunity and, consequently, suit was not brought "under [the TTCA]" for purposes of subsection (f)), *with Reedy*, 2010 WL 1010049, at *5 (disagreeing with *Kelemen*'s application of *Garcia* to subsection (f) and holding that "phrase 'could have been brought' unambiguously invokes the [TTCA]'s limited waiver of immunity"), *Lieberman v. Romero*, No. 05-08-01636-CV, 2009 WL 3595128, at *2 (Tex. App.—Dallas Nov. 3, 2009, pet. filed) (mem. op.) (rejecting argument that *Garcia* eliminated the requirement to show that the plaintiff's claims

---

[3] The court of appeals in *Kelemen* ultimately held that the governmental employee was not entitled to dismissal under subsection (f) because he did not meet his burden of proving the first prong because his assaultive conduct did not fall within the general scope of his employment. *Id.*

11

fell within a waiver of immunity), *and Leonard*, 293 S.W.3d at 681–85 (upholding trial court's denial of motion to dismiss under subsection (f), without reference to *Garcia*, because plaintiff's claims could not have been brought against governmental unit). We have not interpreted subsection (f) since *Garcia*.

We hold that the reasoning of *Garcia*—applicable to motions to dismiss under subsection (e)—is not applicable to motions to dismiss under subsection (f). As the Corpus Christi court explained in *Reedy,*

> [T]he phrase "could have been brought" [in subsection (f)] modifies the phrase "under this chapter." We conclude the phrase "could have been brought" unambiguously invokes the [TTCA]'s limited waiver of immunity from suit and liability, and the Texas Supreme Court [in *Garcia*] did not intend to undo the scores of opinions holding otherwise. Accordingly, we hold that Reedy was required to show that the Pompas' suit invoked a waiver of immunity from suit and liability under the [TTCA] in order to prevail on her motion to dismiss under section 101.106(f) . . . .

2010 WL 1010049, at *5 (citations omitted). In other words, giving the language of subsection (f) its plain meaning, a suit that "could have been brought under this chapter against the governmental unit" necessarily means a suit that falls within the TTCA's limited waiver of sovereign immunity. *See* Tex. Gov't Code Ann. § 311.011.

This construction of subsection 101.106(f) is not only supported by the plain language of subsection (f), it also harmonizes the language of the entire subsection and avoids an absurd consequence. *See id.* §§ 311.021(2), (3), .023(5). When an employee establishes the two prongs of subsection (f)—that the employee was

12

acting within the general scope of the employee's employment and that the plaintiff's suit could have been brought under the TTCA against the governmental unit—then the suit against the employee shall be dismissed "unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). Consequently, when the employee establishes that the suit could have been brought under the TTCA against the governmental entity, in order to avoid complete dismissal of the suit, a plaintiff must file amended pleadings suing the governmental entity. *See id.* Applying subsection (f) when a plaintiff's claims do not fall within the TTCA's limited waiver of sovereign immunity—that is, requiring a plaintiff to dismiss the employee and to sue a governmental unit when the plaintiff's claims do not fall within the TTCA's limited waiver of immunity—would constitute a statutory mandate requiring a plaintiff to file an unmeritorious suit. *See* Tex. R. Civ. P. 13 (providing sanctions for filing groundless pleadings brought in bad faith or for harassment purposes); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 9.001–.014 (Vernon 2002) (allowing sanctions for filing groundless pleadings in bad faith or for harassment), §§ 10.001–.006 (Vernon 2002) (allowing sanctions for filing pleadings and motions not warranted by existing law and brought for improper purposes). The consequences of this construction — requiring a plaintiff to file a groundless suit against a governmental entity — cannot have been intended by the legislature. *See* Tex. Gov't Code Ann. § 311.023(1), (5) (explaining that, in construing statute, court

13

may consider object sought to be obtained by statute and consequences of particular construction). Applying subsection (f) when a plaintiff's claims do not fall within the TTCA's limited waiver of sovereign immunity would create an additional incongruity; such a construction of subsection (f) would mean that the employee would ostensibly obtain dismissal because the plaintiff's suit *could* have been brought under the TTCA while the subsequently sued governmental unit would undoubtedly seek dismissal in a plea to the jurisdiction based on the assertion that the plaintiff's suit *cannot* be brought under the TTCA. *See Franka*, 216 S.W.3d at 413 (rejecting defendant doctors' position that it is sufficient to raise a fact issue on the could-have-been-brought prong of subsection (f) because of the potential result that plaintiff would be left without a remedy).

Additionally, construing subsection (f) to mean that an employee is not entitled to dismissal when he moves to dismiss under subsection (f) and fails to meet his burden to establish both prongs of that subsection does not leave the employee without other avenues of relief. He may file a plea to the jurisdiction asserting that the plaintiffs' suit is actually a suit against him in his official capacity and that the plaintiffs have failed to demonstrate a waiver of governmental immunity. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999), *Terrell v. Sisk*, 111 S.W.3d 274, 281–82 (Tex. App.—Texarkana 2003, no pet.). He may also seek summary

14

judgment on the basis of the affirmative defense of official immunity.[4] *See*

*Ballantyne*, 144 S.W.3d at 424.

But, when an employee moves to dismiss under subsection (f) and meets his burden to establish both prongs of that subsection, then "the suit is considered to be against the employee in the employee's official capacity only," and, upon the employee's motion, the suit shall be dismissed unless the plaintiff substitutes the governmental unit as the defendant in accordance with subsection (f). Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). A suit against an employee in his official capacity seeks to impose liability on the governmental unit itself; therefore, dismissal of a suit brought against an employee in his official capacity—if the plaintiff does not substitute the governmental unit as the defendant in accordance with subsection (f)—accomplishes the purpose of the election-of-remedies provision because the suit is, in actuality, a suit against the governmental unit. *See, e.g.*, *Bexar County v. Giroux-Daniel*, 956 S.W.2d 692, 695 (Tex. App.—San Antonio 1997, no pet.) ("Suits

---

[4] A governmental employee, when sued in his individual capacity, might assert official immunity as a defense to personal monetary liability, which is well suited for resolution in a motion for summary judgment. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843 (Tex. 2007). A suit against a governmental employee in his individual capacity seeks to impose personal liability on the employee himself, rather than on his employer, for actions taken under color of state law. *See Tex. Bay Cherry Hill*, 257 S.W.3d at 400; *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.7 (Tex. 2009) ("Judgments against state officials in their individual capacities will not bind the state."). A government employee sued in his individual capacity is entitled to official immunity from suit arising from (1) the performance of his discretionary duties (2) in good faith (3) as long as he is acting within the scope of his authority. *See Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004).

against a government employee in his or her official capacity are just another way of pleading a suit against the government entity of which the official is an agent."). In other words, if a suit against an individual governmental employee that actually seeks to impose liability on the governmental unit were allowed to continue upon the filing of a motion to dismiss, the purpose of the election-of-remedies provision would be thwarted. *See Garcia*, 253 S.W.3d at 657 (noting purpose of election-of-remedies provision is to force plaintiff to decide whether employee acted independently, and is thus solely liable, or whether he acted within general scope of his employment so that governmental unit is vicariously liable). Thus, the object sought to be attained by subsection (f) is promoted by this construction of subsection (f), a just and reasonable result is reached, the entire subsection is effective, and the absurd consequences of construing the "could-have-been-brought-under-this-chapter" language to include claims that cannot be brought under the TTCA are avoided. *See* Tex. Gov't Code Ann. §§ 311.021(2), (3), .023(1), (5).

For all of these reasons, we construe subsection (f)'s could-have-been-brought-under-this-chapter language to require an employee seeking dismissal under subsection (f) to prove that the plaintiff's claims could have been brought under the TTCA against the governmental unit—that is, that the plaintiff's claims fall within the TTCA's limited waiver of sovereign immunity.

**G. Application of Section 101.106(f) to the Present Facts**

In this case, the Medlens elected to sue Menefee rather than the City. The Medlens' petition alleges that they are suing Menefee in his individual capacity for negligence in killing their dog and for violating the City's rules, policies, and procedures; the petition specifically alleges that Menefee "is <u>not</u> being sued in his official capacity." In order to be entitled to dismissal under subsection (f), Menefee then had the burden to prove that the Medlens' suit is based on conduct within his general scope of employment and that their suit could have been brought under the TTCA against the City. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f); *Reedy*, 2010 WL 1010049, at *3; *Lieberman*, 2009 WL 3595128, at *2. Regarding the second prong, Menefee had to prove that the Medlens' claims against him for property damage—the euthanasia of their family pet—arose from the operation or use of a motor-driven vehicle or motor-driven equipment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A). Menefee does not argue, and nothing in the pleadings suggest, that the motor-driven vehicle or equipment exception to the City's governmental immunity applies to the Medlens' claims.

Because Menefee did not satisfy his burden to show that the Medlens' suit could have been brought under the TTCA against the City, we hold that the trial court did not err by denying his motion to dismiss pursuant to section 101.106(f). We overrule Menefee's sole issue.

17

## IV. Conclusion

Having overruled Menefee's sole issue, we affirm the trial court's order denying Menefee's motion to dismiss, and we remand this case to the trial court for further proceedings consistent with this opinion.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: June 24, 2010