Nathaniel **QUARTERMAN**, Steve Massie, David Turrubiarte, Julia Humphrey, and Juan Jackson, Appellants,

v.

Robert **HAMPTON**, Appellee.

No. 01–09–01061–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 26, 2010.

Anthony G. Brocato Jr., Assistant Attorney General, Austin, TX, for Appellants.

Robert Hampton, Rosharon, TX, pro se.

Panel consists of Justices JENNINGS, ALCALA, and MASSENGALE.

## OPINION ON REHEARING

ELSA ALCALA, Justice.

Appellants, Nathaniel Quarterman, Steve Massie, David Turrubiarte, Julia Humphrey, and Juan Jackson (the "Employees"), have filed a motion for rehearing. We received a response from appellee, Robert Hampton. We deny rehearing but withdraw our opinion and judgment of June 24, 2010 and substitute this opinion and judgment in their place.

The Employees brought this interlocutory appeal of the trial court's order denying the motion to dismiss filed by the Texas Department of Criminal Justice (TDCJ). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon 2008); *Singleton v. Casteel,* 267 S.W.3d 547, 550 (Tex. App.-Houston [14th Dist.] 2008, pet. denied) (appellate court has jurisdiction to consider interlocutory appeal from denial of motion to dismiss filed under Section 101.106(e) of Texas Civil Practice and Remedies Code). In their sole issue, the Employees contend the trial court erred by denying the motion because Section 101.106(e) of the Texas Civil Practice and Remedies Code requires dismissal of this lawsuit filed against TDCJ employees in their individual capacities by Hampton, an inmate in the TDCJ. We conclude the trial court properly denied TDCJ's motion to dismiss under Section 101.106(e) because no suit was filed against TDCJ, the governmental unit, as required for dismissal under that subsection. We affirm.

### Background

Hampton sued the Employees in both their individual and official capacities, alleging theft under the Texas Theft Liability Act, common law conversion, and federal and state constitutional claims for unlawful taking and denial of due process. Hampton did not name TDCJ as a defendant in the suit. Hampton asserted that, after he was found guilty of the prison disciplinary offense of "trafficking and trading," the Employees unlawfully removed $710 from his inmate trust fund account. Hampton contended that forfeiture of funds was not a permissible disciplinary action for his offense, and after exhausting the institutional grievance procedure, he filed suit. Except for Juan Jackson, all of the Employees filed an answer and jury demand.[1] Although it was not a party to the suit, TDCJ filed a motion to dismiss under Section 101.106(e) of the Texas Civil Practice and Remedies Code.

### Dismissal Under Section 101.106

In their sole issue, the Employees contend that Section 101.106(e) requires dismissal of the suit against them in their individual capacities because they were sued in their official capacities and a suit against employees in their official capacity is essentially a suit against a governmental unit.

### A. Applicable Law

To determine what Section 101.106(e) means, we examine (1) the rules of statutory construction, and (2) the statute itself.

#### 1. The Rules of Statutory Construction

■■■ Our primary objective in statutory construction is to give effect to the legislature's intent. *State v. Shumake,* 199 S.W.3d 279, 284 (Tex.2006). When interpreting statutes, courts should ascertain and give effect to the Legislature's intent as expressed by the language of the stat-

---

1. Jackson did not file an answer, but the Employees contend in their appellate brief

that he was never served with the petition.

ute. *Hernandez v. Ebrom,* 289 S.W.3d 316, 318 (Tex.2009). "If the Legislature provides definitions for words it uses in statutes, then we use those definitions in our task." *Id.* (citing TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 2005)). We rely on the plain meaning of the text unless such a construction leads to absurd results. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625–26 (Tex.2008). In determining legislative intent, we may consider, among other things, the objective the law seeks to obtain and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023(1), (5) (Vernon 2005). We consider the statute as a whole and not its provisions in isolation. *Cont'l Cas. Co. v. Downs,* 81 S.W.3d 803, 805 (Tex.2002).

### 2. Terms Used in Section 101.106

Section 101.106 of the Texas Civil Practice and Remedies Code provides for dismissal or prohibition of certain lawsuits or recovery when a lawsuit is filed against government employees. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2005). In relevant part, Section 101.106 states,

. . . .

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

. . . .

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have

been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.*

The Civil Practice and Remedies Code defines the terms used in Section 101.106. " 'Employee' means a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority . . . ." TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(2) (Vernon 2005). " 'Governmental unit' means: (A) this state and all the several agencies of government that collectively constitute the government of this state . . . ; (B) a political subdivision of this state, including any city, county, school district . . . ; (C) an emergency service organization; and (D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution." *Id.* § 101.001(3).

The Texas Supreme Court recently interpreted Section 101.106 stating,

Under the Tort Claims Act's election scheme, recovery against an *individual* employee is barred and may be sought against the governmental unit only in three instances: (1) when suit is filed against the governmental unit only, [TEX. CIV. PRAC. & REM.CODE ANN.] § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, *id.* § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit

could have been brought against the governmental unit, *id.* § 101.106(f).

*Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 657 (Tex.2008) (emphasis added).

## B. Analysis

■ The Employees contend that Section 101.106(e) requires dismissal of the claims filed against them in their individual capacities. Citing *City of Hempstead v. Kmiec,* the Employees contend that a claim against a person in his official capacity is no different than a lawsuit against the governmental entity that employed the person. *See* 902 S.W.2d 118, 122 (Tex. App.-Houston [1st Dist.] 1995, no writ). Based on this authority, the Employees conclude that the suit against them in their official capacity was the same as a suit against the governmental unit (TDCJ) for the purposes of Section 101.106(e). We disagree with the Employees because (1) the definition for "governmental unit" is plainly different than the statute's definition for "employee," (2) the statute as a whole treats claims against employees in their "official capacity" as different from claims against the "governmental unit," (3) the consequences of the construction suggested by TDCJ is contrary to the plain language of the statute, and (4) the Legislative intent for Section 101.106(e) was for the governmental unit, and not for an individual employee, to move for dismissal of a lawsuit against the employee to which the unit is a party.

### 1. The Plain Meaning of the Text

Under the plain meaning of the statute, a governmental "employee" is different from a "governmental unit." The definition of "governmental unit" does not include employees sued in their official capacity; rather, it refers to certain governmental entities. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3). The definition of "employee" applicable to the section broadly includes all people who are employees, without separating whether they are sued in their individual or official capacities. *See id.* § 101.001(2). Subsection (e)'s references to suits filed against both an "employee" and a "governmental unit," therefore, requires dismissal of the suit against the employee, the person, when a suit is filed against the governmental unit, an entity. *See id.* §§ 101.001(2)-(3), 101.106(e).

In its motion for rehearing, the Employees assert that by expressly including "state agencies" in its definition of "governmental unit," "it must be presumed that the legislature included employees of state agencies sued in their official capacities within the definition." The plainly worded definition of "governmental unit," however, refers only to a government entity, such as a state agency, but it does not include employees in its definition. *See id.* § 101.001(3). Additionally, the Code, in that same section, provides a specific definition for "employee," separately from "governmental unit." *See id.* § 101.001(2). Because the Legislature has provided definitions for the words it uses in its statute, we should give effect to the Legislature's intent as expressed by the language of the statute. *See Hernandez,* 289 S.W.3d at 318 (calling for examination of precise definition of terms).

### 2. The Statute as a Whole

The statute as a whole shows that the Legislature clearly differentiated between the term "employee of a governmental unit" and the term "governmental unit." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(b) (Vernon 2005). Furthermore, the statute as a whole shows that the Legislature clearly differentiated between a claim "against the employee in the employee's official capacity only" and a claim that is one "naming the governmental unit

as defendant." *Id.* at § 101.106(f). Because the statute as a whole refers to a claim against an employee in his "official capacity" as something different from a claim against a "governmental unit as defendant," we conclude the precise definition for "governmental unit" was not intended to include employees sued in their official capacity. *See Downs,* 81 S.W.3d at 805 (calling for examination of statute as whole).

### 3. The Consequences of the Interpretation

The Employees contend that when an employee is sued in an official capacity, governmental immunity is extended to an employee in his official capacity just as it would to the governmental unit. *See City of Hempstead,* 902 S.W.2d at 122 ("If the City was not liable because of governmental immunity, neither was the Chief when sued in his official capacity."). The Employees, therefore, assert that when the Legislature used the term "governmental unit" in Section 101.106(e), it intended to include lawsuits against employees that are against them in their "official capacity."

But the consequences of interpreting Section 101.106(e) in the manner suggested by the Employees would lead to a result contrary to the express language in the statute. Under Section 101.106(e), the governmental unit, which is a party to the lawsuit, may file a motion that dismisses the employees from the suit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e) (Vernon 2005). The Employees suggest that we read the statute to say that an employee sued in his "official capacity" may file a motion that dismisses all the claims filed against him, other than those claims that are filed against him in his official capacity. Section 101.106(e), however, does not separately discuss the treatment of lawsuits against the employee in his "official capacity" from other types of lawsuits filed

against him. *See id.; compare* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f). Furthermore, section 101.106(e) states that the "governmental unit" may file a motion to dismiss the employees when a suit has been filed against it. *See id.* But here no suit has been filed against TDCJ and it is not a party to this lawsuit. The construction suggested by the Employees would lead to the consequence that the express terms of the statute be compromised in a way inconsistent with its plain meaning. *See* TEX. GOV'T CODE ANN. § 311.023(1), (5) (Vernon 2005).

### 4. The Legislative Intent

In their motion for rehearing, the Employees contend our ruling would permit a plaintiff to attempt to impose liability on both TDCJ through the official capacity claims and on the individual defendants through the individual capacity claims, which is what Section 101.106(e) was designed to prevent. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e) (Vernon 2005). We disagree that Section 101.106(e) was the section designed to address that situation. As we have noted above, Section 101.106(e) refers only to dismissal of employees on the motion of the governmental unit that is a party to the lawsuit; it does not allow a nonparty governmental unit, as here with TDCJ, or an individual employee to seek the dismissal of the lawsuit. *See id.*

In its motion for rehearing, the Employees contend that we should construe Section 101.106(e) as applying to official capacity claims for intentional torts because we have held that the Section 101.106(f) does not include official capacity claims for intentional torts. *Compare Mission Consol. Indep. Sch. Dist.,* 253 S.W.3d at 659 (interpreting Section 101.106(e) and stating, "Because the Tort Claims Act is the only, albeit limited, avenue for common-

law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106") *with Williams v. Nealon,* 199 S.W.3d 462, 466 (Tex.App.-Houston[1st Dist.] 2006) (holding Section 101.106(f) cannot be used by employees to obtain dismissal of common law intentional tort claims because those claims "could not have been brought under the Texas Tort Claims Act"); *see also Menefee v. Medlen,* No. 02-09-00440-CV, 2010 WL 2555643, *5 (Tex.App.-Fort Worth June 24, 2010, no pet. h.) (noting that court of appeals are split regarding whether the Supreme Court's interpretation of "under this chapter" in subsection (e) applies to subsection (f)). Whether Section 101.106(f) provides a vehicle for dismissal of common law intentional tort claims is not pertinent to our resolution of this appeal because, regardless whether it does, the precise terms of Section 101.106(e) apply only when a "governmental unit" is included in the lawsuit.

Because the suit in the present case was not brought against both a governmental unit and its employees, the trial court properly denied the Section 101.106(e) motion to dismiss filed by the governmental unit. *See id.* § 101.106(e). We overrule the Employees' sole issue on appeal.

## CONCLUSION

We affirm the trial court's denial of the motion to dismiss.