Opinion issued August 26, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01061-CV

———————————

Nathaniel Quarterman, Steve Massie, David Turrubiarte, Julia
Humphrey, and Juan Jackson, Appellants

V.

Robert
Hampton, Appellee



 



 

On Appeal from the 412th Judicial District Court

Brazoria County, Texas



Trial Court Case No. 54075

 



OPINION ON REHEARING

          Appellants,
Nathaniel Quarterman, Steve Massie, David Turrubiarte, Julia Humphrey, and Juan Jackson (the
“Employees”), have filed a motion for rehearing.  We received a response from appellee, Robert Hampton. 
We deny rehearing but withdraw our opinion and judgment of June 24, 2010
and substitute this opinion and judgment in their place.

          The
Employees brought this interlocutory appeal of the trial court’s order denying
the motion to dismiss filed by the Texas Department of Criminal Justice
(TDCJ).  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5)
(Vernon 2008); Singleton v. Casteel,
267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (appellate
court has jurisdiction to consider interlocutory appeal from denial of motion
to dismiss filed under Section 101.106(e) of Texas Civil Practice and Remedies
Code).  In their sole issue, the
Employees contend the trial court erred by denying the motion because Section
101.106(e) of the Texas Civil Practice and Remedies Code requires dismissal of
this lawsuit filed against TDCJ employees in their individual capacities by
Hampton, an inmate in the TDCJ.  We
conclude the trial court properly denied TDCJ’s motion to dismiss under Section
101.106(e) because no suit was filed against TDCJ, the governmental unit, as
required for dismissal under that subsection. 
We affirm.

Background

          Hampton
sued the Employees in both their individual and official capacities, alleging
theft under the Texas Theft Liability Act, common law conversion, and federal
and state constitutional claims for unlawful taking and denial of due
process.  Hampton did not name TDCJ as a
defendant in the suit.  Hampton asserted
that, after he was found guilty of the prison disciplinary offense of
“trafficking and trading,” the Employees unlawfully removed $710 from his
inmate trust fund account.  Hampton
contended that forfeiture of funds was not a permissible disciplinary action
for his offense, and after exhausting the institutional grievance procedure, he
filed suit.  Except for Juan Jackson, all
of the Employees filed an answer and jury demand.[1]  Although it was not a party to the suit, TDCJ
filed a motion to dismiss under Section 101.106(e) of the Texas Civil Practice
and Remedies Code. 

Dismissal Under Section 101.106

          In
their sole issue, the Employees contend that Section 101.106(e) requires
dismissal of the suit against them in their individual capacities because they
were sued in their official capacities and a suit against employees in their
official capacity is essentially a suit against a governmental unit.  

A.      Applicable Law 

To determine what Section
101.106(e) means, we examine (1) the rules of statutory construction, and (2)
the statute itself.

1.      The Rules of Statutory Construction

Our primary objective in statutory
construction is to give effect to the legislature’s intent.  State v. Shumake, 199 S.W.3d 279, 284
(Tex. 2006).  When interpreting
statutes, courts should ascertain and give effect to the Legislature’s intent
as expressed by the language of the statute. 
Hernandez v. Ebrom, 289 S.W.3d 316, 318 (Tex. 2009).  “If the Legislature provides definitions for
words it uses in statutes, then we use those definitions in our task.”  Id. (citing Tex. Gov’t Code Ann. § 311.011(b) (Vernon
2005)).  We rely on
the plain meaning of the text unless such a construction leads to absurd
results.  City of Rockwall v. Hughes, 246 S.W.3d
621, 625-26 (Tex. 2008).  In
determining legislative intent, we may consider, among other things, the
objective the law seeks to obtain and the consequences of a particular
construction.  Tex. Gov’t Code Ann. § 311.023(1), (5)
(Vernon 2005).  We
consider the statute as a whole and not its provisions in isolation.  Cont’l Cas. Co. v.
Downs, 81 S.W.3d 803, 805 (Tex. 2002).

2.      Terms Used in Section 101.106

Section 101.106 of the Texas Civil
Practice and Remedies Code provides for dismissal or prohibition of certain
lawsuits or recovery when a lawsuit is filed against government employees. Tex. Civ. Prac.
& Rem. Code Ann. § 101.106 (Vernon 2005).  In relevant part, Section 101.106 states,

. . . .

(b)  The filing of
a suit against any employee of a governmental unit constitutes an irrevocable
election by the plaintiff and immediately and forever bars any suit or recovery
by the plaintiff against the governmental unit regarding the same subject
matter unless the governmental unit consents.

. . . .

 

(e)  If a suit is
filed under this chapter against both a governmental unit and any of its
employees, the employees shall immediately be dismissed on the filing of a
motion by the governmental unit.

 

(f)  If a suit is
filed against an employee of a governmental unit based on conduct within the
general scope of that employee’s employment and if it could have been brought
under this chapter against the governmental unit, the suit is considered to be
against the employee in the employee’s official capacity only. On the employee’s
motion, the suit against the employee shall be dismissed unless the plaintiff
files amended pleadings dismissing the employee and naming the governmental
unit as defendant on or before the 30th day after the date the motion is filed.

 

Id.  

The Civil Practice and Remedies
Code defines the terms used in Section 101.106.  “‘Employee’ means a person, including an
officer or agent, who is in the paid service of a governmental unit by
competent authority . . . .”  Tex. Civ. Prac.
& Rem. Code Ann. § 101.001(2) (Vernon 2005).  “‘Governmental unit’ means: (A)  this
state and all the several agencies of government that collectively constitute
the government of this state . . . ; (B)  a political subdivision of
this state, including any city, county, school district . . . ; (C)  an
emergency service organization; and (D)  any other institution,
agency, or organ of government the status and authority of which are derived
from the Constitution of Texas or from laws passed by the legislature under the
constitution.”  Id. § 101.001(3).

The Texas Supreme Court recently interpreted Section 101.106 stating,

Under the Tort Claims Act’s election scheme,
recovery against an individual
employee is barred and may be sought against the governmental unit only in
three instances: (1) when suit is filed against the governmental unit only, [Tex. Civ. Prac.
& Rem. Code Ann.] § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, id. § 101.106(e); or (3) when suit is
filed against an employee whose conduct was within the scope of his or her
employment and the suit could have been brought against the governmental unit, id. § 101.106(f).   

 

Mission
Consol. Indep. Sch. Dist. v. Garcia, 253
S.W.3d 653, 657 (Tex. 2008) (emphasis added). 


B.      Analysis

The Employees contend that Section
101.106(e) requires dismissal of the claims filed against them in their
individual capacities.  Citing City of Hempstead v. Kmiec,
the Employees contend that a claim against a person in his official capacity is
no different than a lawsuit against the governmental entity that employed the
person.  See 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no
writ).  Based on this authority, the
Employees conclude that the suit against them in their official capacity was
the same as a suit against the governmental unit (TDCJ) for the purposes of
Section 101.106(e).  We disagree with the
Employees because (1) the definition for “governmental unit” is plainly
different than the statute’s definition for “employee,” (2) the statute as a
whole treats claims against employees in their “official capacity” as different
from claims against the “governmental unit,” (3) the consequences of the
construction suggested by TDCJ is contrary to the plain language of the
statute, and (4) the Legislative intent for Section 101.106(e) was for the
governmental unit, and not for an individual employee, to move for dismissal of
a lawsuit against the employee to which the unit is a party.

1.      The Plain Meaning of the Text  

Under the plain meaning of the
statute, a governmental “employee” is different from a “governmental
unit.”  The definition of “governmental
unit” does not include employees sued in their official capacity; rather, it
refers to certain governmental entities. 
See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.001 (3).  The definition of
“employee” applicable to the section broadly includes all people who are
employees, without separating whether they are sued in their individual or
official capacities.  See id. § 101.001(2).  Subsection (e)’s references to suits filed
against both an “employee” and a “governmental unit,” therefore, requires
dismissal of the suit against the employee, the person, when a suit is filed
against the governmental unit, an entity. 
See id. §§
101.001(2)–(3), 101.106(e).   

In its motion for rehearing, the
Employees assert that by expressly including “state agencies” in its definition
of “governmental unit,” “it must be presumed that the legislature included
employees of state agencies sued in their official capacities within the
definition.”  The plainly worded
definition of “governmental unit,” however, refers only to a government entity,
such as a state agency, but it does not include employees in its
definition.  See id. § 101.001(3). 
Additionally, the Code, in that same section, provides a specific
definition for “employee,” separately from “governmental unit.”  See id.
§ 101.001(2).  Because the
Legislature has provided definitions for the words it uses in its statute, we
should give effect to the Legislature’s intent as expressed by the language of
the statute.  See Hernandez,
289 S.W.3d at 318 (calling for examination of precise definition of terms).

2.      The Statute as a Whole 

The statute as a whole shows that
the Legislature clearly differentiated between the term “employee of a
governmental unit” and the term “governmental unit.”  See Tex. Civ. Prac.
& Rem. Code Ann. § 101.106(b) (Vernon 2005).  Furthermore, the statute as a whole shows
that the Legislature clearly differentiated between a claim “against the
employee in the employee’s official capacity only” and a claim that is one
“naming the governmental unit as defendant.” 
Id. at §
101.106(f).  Because the statute
as a whole refers to a claim against an employee in his “official capacity” as
something different from a claim against a “governmental unit as defendant,” we
conclude the precise definition for “governmental unit” was not intended to
include employees sued in their official capacity.  See Downs, 81 S.W.3d at
805 (calling for examination of statute as whole).

 

 

3.      The Consequences of the Interpretation

The Employees contend that when an
employee is sued in an official capacity, governmental immunity is extended to
an employee in his official capacity just as it would to the governmental
unit.  See City of Hempstead, 902
S.W.2d at 122 (“If the City was not liable because of governmental immunity,
neither was the Chief when sued in his official capacity.”).  The Employees, therefore, assert that when
the Legislature used the term “governmental unit” in Section 101.106(e), it
intended to include lawsuits against employees that are against them in their
“official capacity.”  

But the consequences of
interpreting Section 101.106(e) in the manner suggested by the Employees would
lead to a result contrary to the express language in the statute.  Under Section 101.106(e), the governmental
unit, which is a party to the lawsuit, may file a motion that dismisses the
employees from the suit.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.106(e)
(Vernon 2005).  The Employees suggest
that we read the statute to say that an employee sued in his “official
capacity” may file a motion that dismisses all the claims filed against him,
other than those claims that are filed against him in his official
capacity.  Section 101.106(e), however, does
not separately discuss the treatment of lawsuits against the employee in his
“official capacity” from other types of lawsuits filed against him.  See id.;
compare Tex. Civ. Prac. & Rem. Code Ann.
§ 101.106(f).  Furthermore, section
101.106(e) states that the “governmental unit” may file a motion to dismiss the
employees when a suit has been filed against it.  See id.  But here no suit has been filed against TDCJ
and it is not a party to this lawsuit. 
The construction suggested by the Employees would lead to the
consequence that the express terms of the statute be compromised in a way
inconsistent with its plain meaning.  See Tex.
Gov’t Code
Ann. § 311.023(1), (5) (Vernon 2005).


4.      The Legislative Intent

In their motion for rehearing, the
Employees contend our ruling would permit a plaintiff to attempt to impose
liability on both TDCJ through the official capacity claims and on the
individual defendants through the individual capacity claims, which is what
Section 101.106(e) was designed to prevent. 
See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.106(e) (Vernon 2005).  We disagree
that Section 101.106(e) was the section designed to address that
situation.  As we have noted above,
Section 101.106(e) refers only to dismissal of employees on the motion of the
governmental unit that is a party to the lawsuit; it does not allow a nonparty
governmental unit, as here with TDCJ, or an individual employee to seek the
dismissal of the lawsuit.  See id. 


In its motion for rehearing, the
Employees contend that we should construe Section 101.106(e) as applying to
official capacity claims for intentional torts because we have held that the
Section 101.106(f) does not include official capacity claims for intentional
torts.  Compare Mission Consol. Indep. Sch. Dist.,
253 S.W.3d at 659 (interpreting Section 101.106(e) and stating, “Because the
Tort Claims Act is the only, albeit limited, avenue for common-law recovery
against the government, all tort theories alleged against a governmental unit,
whether it is sued alone or together with its employees, are assumed to be
‘under [the Tort Claims Act]’ for purposes of section 101.106”) with Williams v. Nealon, 199 S.W.3d 462, 466 (Tex. App.—Houston[1st Dist.] 2006)
(holding Section 101.106(f) cannot be used by employees to obtain dismissal of
common law intentional tort claims because those claims “could not have been
brought under the Texas Tort Claims Act”); see
also Menefee v. Medlen,
No. 02-09-00440-CV, 2010 WL 2555643, *5 (Tex. App.—Fort Worth June 24, 2010, no
pet. h.) (noting that court of appeals are split
regarding whether the Supreme Court’s interpretation of “under this chapter” in
subsection (e) applies to subsection (f)). 
Whether Section 101.106(f) provides a vehicle for dismissal of common
law intentional tort claims is not pertinent to our resolution of this appeal
because, regardless whether it does, the precise terms of Section 101.106(e)
apply only when a “governmental unit” is included in the lawsuit.  

 Because the suit in the present case was not
brought against both a governmental unit and its
employees, the trial court properly denied the Section 101.106(e) motion to
dismiss filed by the governmental unit.  See id. § 101.106(e).  We overrule the Employees’ sole issue on
appeal.

CONCLUSION

          We affirm the trial court’s denial of
the motion to dismiss.

 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Massengale.











[1]               Jackson
did not file an answer, but the Employees contend in their appellate brief that
he was never served with the petition.